[No. 2369]

## IN THE MATTER OF THE APPLICATION OF JOHN ZWISSIG FOR A WRIT OF HABEAS CORPUS

[178 Pac. 20]

1. STATUTES—CONSTRUCTION.

In construing a statute, words shall be given their plain meaning, unless to do so would clearly violate evident spirit of act.

2. INTOXICATING LIQUORS—PROHIBITION ACT—POSSESSION.

Prohibition act, sec. 7, was intended to prevent a person from having intoxicating liquor upon the street for personal or any other use other than contemplated by the act itself.

3. CRIMINAL LAW—PROHIBITION ACT—JURISDICTION OF JUSTICE OF PEACE—SENTENCE.

Under Rev. Laws, 4851, general statute limiting jurisdiction of justice of peace, and prohibition act, secs. 7, 28, in prosecution for violation of latter act, a justice cannot assess greater punishment than fine of $500 and six months' imprisonment in county jail; district court alone being authorized to impose excess fine and imprisonment mentioned in section 7.

4. CONSTITUTIONAL LAW—STATUTES—UNCONSTITUTIONALITY—RIGHT TO COMPLAIN.

One charged with violation of prohibition act could not complain of its unconstitutionality as providing justice of peace might assess fine in excess of limitation fixed by general statute prescribing his jurisdiction, where the punishment fixed was actually within limitation of the general statute.

5. INTOXICATING LIQUORS—CONSTITUTIONAL LAW—PROHIBITION— PRIVILEGES AND IMMUNITIES—FOURTEENTH AMENDMENT.

Prohibition act, sec. 7, *held* not violative of guaranties of Const. U. S. Amend. 14, sec. 1, as to abridging privileges or immunities of citizens of the United States, due process, and equal protection.

APPLICATION of John Zwissig for a writ of habeas corpus. **Writ dismissed,** and petitioner ordered **remanded** to the custody of the sheriff.

*Lee J. Davis, Walter M. Kennedy,* and *J. M. Frame,* for Petitioner:

The main question to be decided is as to the justice court's jurisdiction. We deny jurisdiction because the charge does not constitute a public offense, and because the maximum penalty exceeds the jurisdiction of the justice court. Hurd, Hab. Corp. (2d Ed.) p. 325; State ex rel. Morley v. Godfrey, 54 W. Va. 54; Judy v. Lashley, 50 W. Va. 628; Church, Hab. Corp. sec. 351.

Section 7 of the act, copied from the West Virginia

statute, has been construed in that state. Emsweller v. Wallace, 88 S. E. 787. Under the well-known rule of statutory construction, the decision of that state is binding upon this court. Black, Judicial Precedents; State v. Robey, 8 Nev. 312; Hunter v. Truckee Lodge, 14 Nev. 36; In Re Boyce, 27 Nev. 334, 65 L. R. A. 56. In the Oklahoma statute a section similar to section 7 was given the same construction in Ex Parte Wilson, 119 Pac. 596.

. Section 28 of the act provides two different penalties for the same offense, thus denying the equal protection of the law by reposing in the district attorney the right to decide which penalty shall be imposed, in contravention of the fourteenth amendment to the constitution of the United States.

*Leonard B. Fowler*, Attorney-General, and *Robert Richards*, Deputy Attorney-General (*A. E. Cheney*, Amicus Curiæ), for Respondent:

The title of the act is sufficient under the constitution to include section 7. State v. State B. & T. Co., 31 Nev. 356; Ex Parte Ah Pah, 34 Nev. 283; Ex Parte Ah Sam, 15 Nev. 27.

The question of jurisdiction is not serious. Section 7 of the act provides a maximum and a minimum penalty, and section 28 provides the method of invoking jurisdiction. Ex Parte Smith, 33 Nev. 466.

The provisions of the act do not contravene either the constitution or the Revised Laws regulating the jurisdiction of courts. Const. Nev. art. 4, secs. 6, 8; Stats. 1919, p. 11, sec. 24. Petitioner has cited no authorities in support of his contention relating to jurisdiction. However, the following cases have a bearing upon the question: State v. Meek, 112 Iowa, 338; State v. Glover, 90 S. C. 166; In Re Mulholland, 97 Cal. 527.

By the Court, COLEMAN, C. J.:

This is an original proceeding in habeas corpus. A complaint was filed with the justice of the peace of Reno township, charging that the petitioner did "wilfully and

unlawfully have in his possession for personal use and otherwise intoxicating liquor, to wit, whisky, on a public street within the city of Reno, county of Washoe, State of Nevada, to wit, Commercial Row."

The section of the prohibition act under which the prosecution was instituted reads:

"SEC. 7.  It shall be unlawful for any person to keep or have for personal use or otherwise, or to use, or permit another to have, keep or use, intoxicating liquors at any restaurant, store, office building, club, place where soft drinks are sold (except a drug store may have and sell alcohol and wine as provided by sections four and twenty-four), fruit stand, news stand, room, or place where bowling alleys, billiard or pool tables are maintained, livery stable, public building, park, road, street or alley.    *    *    * "

Upon arraignment before the justice of the peace, petitioner entered a plea of guilty, upon which plea it was adjudged that he pay a fine of $100 and serve sixty days in jail, pursuant to which he was committed to the custody of the sheriff of Washoe County.  It is from this custody he seeks to be discharged.

Upon the oral argument it was insisted by counsel for petitioner that the purpose of the legislature in providing that it should be unlawful to keep intoxicating liquors at any restaurant, store, office building, club, etc., was that unless the places mentioned were put under the ban it would be easy to evade the law, but that no such reason could have influenced the legislature in providing that it should be unlawful for any person to keep or have intoxicating liquors in his possession upon a street for personal use, for the reason that keeping or having liquor for personal use, upon a street, negatives the idea that it is to be used as a means of evading the act and that the act is senseless in providing that it should be unlawful for a person to keep or have intoxicating liquors "for personal use or otherwise" at any street, since, as it is contended, the act does not prohibit the keeping of liquors for personal use in the home, as

what one may lawfully keep in the home he may lawfully carry there upon a public street.

We do not deem it necessary to determine whether or not it is unlawful for a person to keep intoxicating liquors in his home; but we do not wish to be understood as conceding the correctness of the broad contention that, under all circumstances, a person may keep intoxicating liquors in his home for his personal use.

We are in full accord with the theory of counsel as to the reason which prompted the prohibition of the keeping of intoxicating liquors at any restaurant, store, office building, club, etc. It was clearly for the purpose of preventing an evasion of the spirit of the prohibition act; but we think, too, that that portion of section 7 which makes it unlawful to "have for personal use or otherwise * * * intoxicating liquors * * * at any street" was incorporated in the act for the very same reason which prompted the legislature to prohibit the keeping or having liquors at the other places mentioned—that is, to prevent an evasion of the act.

Experience has shown that the ingenuity of man is such that it is almost impossible to draft a prohibition act so broad in scope that some method cannot be devised for evading it, and no doubt it was deemed necessary to prohibit even the having of liquor for personal use upon a street so that the real purpose of the act might be attained.

1, 2. It is a well-known rule of statutory construction that words shall be given their plain meaning, unless to do so would clearly violate the evident spirit of the statute. The provision of the statute making it unlawful for a person to have in his possession upon any street for personal use intoxicating liquor is clear. No one can misunderstand the language of the statute. For us to give the language any other meaning than that which it clearly expresses would be in violation of every canon of statutory construction, unless from a consideration of the entire act it appears that some other intendment should be given to it. We cannot arbitrarily ignore plain

language, but must be controlled by it, except in the instance mentioned. What is the plain purpose of the act? It is not only to suppress traffic in the concoctions, liquors, and drinks mentioned in the act, but mainly to suppress their consumption, except where otherwise indicated, and in case of doubt every portion of the act must be construed in the light of that object. This being true, we think it clear that the act intended to prevent a person from having intoxicating liquor upon the street for personal or any other use other than that contemplated by the act itself.

3, 4. It is also urged that the justice of the peace had no jurisdiction to render the judgment complained of, for the reason that the maximum penalty exceeds the jurisdiction of a justice of the peace. In this contention counsel are clearly in error. It is based upon the fact that our general statutes limit the jurisdiction of a justice of the peace to all misdemeanors punishable by fine of not more than $500 or imprisonment not exceeding six months, or by both such fine and imprisonment (Rev. Laws, 4851), while section 7 of the prohibition act provides that for a violation of the section mentioned (under which petitioner was charged) one may be fined not less than $100 nor more than $1,000 and be imprisoned in the county jail not less than two nor more than twelve months. Section 28 of the prohibition act provides:

"Justices of the peace shall have concurrent jurisdiction with the district court for the trial of first offenses arising under this act; *provided,* that the district attorney or the commissioner, or any of his deputies, shall have the right before trial to elect whether the case shall be tried and judgment entered, or whether the justice shall hold a preliminary hearing to determine whether the accused shall be held to the district court; *provided, further,* that if the defendant shall plead guilty, the justice shall enter judgment on the charge. Justices of the peace shall not impose a greater fine than five hundred dollars nor imprisonment in the county jail longer than six months. * * *"

It will be seen from the language of the statute that a justice of the peace and the district court have concurrent jurisdiction in certain cases, but that in no case can the justice of the peace assess a greater punishment than a fine of $500 and six months' imprisonment in the county jail—exactly what the general statute provides shall be the limit of the punishment which may be fixed by a justice of the peace. It is evident that it is the purpose of the act that the fine and imprisonment mentioned in section 7 in excess of a fine of $500 and six months' imprisonment should be adjudged by the district court. But since the prohibition act makes a violation of section 7 a misdemeanor, even had it provided that the justice of the peace might assess a fine in an amount in excess of a limitation fixed by the general statute, it seems clear that petitioner could not complain, since the punishment fixed is within the limitation prescribed by the general statute, which counsel contend controls. It is well settled that no one can question the constitutionality of an act or part of an act if his rights are not violated thereby.

We do not wish to be understood as saying that the act could not have conferred upon the justice of the peace authority to assess a greater fine than $500 or confinement in the county jail for a greater period than six months under the authority conferred by section 8, article 6, of our constitution.

It is insisted that section 7 of our prohibition act was taken from the West Virginia statute, as quoted in State v. Emsweller, 78 W. Va. 214, 88 S. E. 787, and that this court is controlled by the decision in that case, in which it was held that the complaint did not charge a crime. The Nevada statute is similar to the West Virginia statute, but other states have similar statutes also, and unless it can be reasonably said that this state adopted the West Virginia statute, with the construction contended for, we are not inclined to the view that we should accept the holding in that case if it were in point. And it should be borne in mind that there are exceptions

to the rule contended for. Opinion of BEATTY, C. J., in Hunter v. Truckee Lodge, 14 Nev. 36; Western Terra Cotta Co. v. Board of Education, 39 Okl. 716, 136 Pac. 595, 596. But it appears from the careful consideration of the opinion in the West Virginia case that the decision did not turn upon the point here involved; it was not considered or discussed, though there are some general observations which would seem to apply.

5. It is also contended that section 7 of the prohibition act in question is within the inhibition of section 1, article 14, of the constitution of the United States. By section 23 of the act in question, the entire act is declared to be an exercise of the police power of the state for the protection of the public health, peace and morals. Section 1, amendment 14 to the constitution of the United States, reads:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law that shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

To sustain their contention, Ex Parte Wilson, 6 Okl. Cr. 451, 119 Pac. 596, is relied upon by counsel for the petitioner. That case sustains the position of counsel, but it is against what we consider the better rule and the one sustained by sounder reasoning and more eminent authority. This question was presented in the case of Ex Parte Crane, 27 Idaho, 671, 151 Pac. 1006, L. R. A. 1918A, 942. It appears from the facts in that case that Crane was arrested for having in his possession a quantity of whisky for his own use only. Upon a preliminary hearing he was held to answer to the district court. In default of bail he was committed to the custody of the sheriff and sued out a writ of habeas corpus to procure his discharge. The law under which he was arrested

made it unlawful for a person to have intoxicating liquors in his possession, except where obtained under a permit. It was urged upon the hearing, among other things, that the act was void for reasons identical with those urged in the case at bar. The Supreme Court of Idaho reviewed at considerable length the authorities in point, held that the position taken by counsel was not sound, and quashed the writ. The case was taken to the Supreme Court of the United States (Crane v. Campbell, 245 U. S. 304, 38 Sup. Ct. 98, 62 L. Ed. 304) upon a writ of error, and that court, in a unanimous opinion, sustained the judgment of the lower court. We quote from the decision:

"It must now be regarded as settled that, on account of their well-known noxious qualities and the extraordinary evils shown by experience commonly to be consequent upon their use, a state has power absolutely to prohibit manufacture, gift, purchase, sale, or transportation of intoxicating liquors within its borders without violating the guaranties of the fourteenth amendment. Bartemeyer v. Iowa, 18 Wall. 129, 21 L. Ed. 929; Beer Co. v. Massachusetts, 97 U. S. 25, 33, 24 L. Ed. 989; Mugler v. Kansas, 123 U. S. 623, 662, 8 Sup. Ct. 273, 31 L. Ed. 205; Crowley v. Christensen, 137 U. S. 86, 91, 11 Sup. Ct. 13, 34 L. Ed. 620; Purity Extract Co. v. Lynch, 226 U. S. 192, 201, 33 Sup. Ct. 44, 57 L. Ed. 184; Clark Distilling Co. v. Western Md. Ry. Co., 242 U. S. 311, 320, 321, 37 Sup. Ct. 180, 61 L. Ed. 326, L. R. A. 1917b, 1218, Ann. Cas. 1917b, 845; Seaboard Air Line Ry. v. North Carolina, 245 U. S. 298, 38 Sup. Ct. 96, 62 L. Ed. 299.

"As the state has the power above indicated to prohibit, it may adopt such measures as are reasonably appropriate or needful to render exercise of that power effective. Booth v. Illinois, 184 U. S. 425, 22 Sup. Ct. 425, 46 L. Ed. 623; Silz v. Hesterberg, 211 U. S. 31, 29 Sup. Ct. 10, 53 L. Ed. 75; Murphy v. California, 225 U. S. 623, 32 Sup. Ct. 697, 56 L. Ed. 1229, 41 L. R. A. (N. S.) 153; and Rast v. Van Deman & Lewis Co., 240

U. S. 342, 364, 36 Sup. Ct. 370, 60 L. Ed. 679, L. R. A. 1917A, 421, Ann. Cas. 1917B, 455. And, considering the notorious difficulties always attendant upon efforts to suppress traffic in liquors, we are unable to say that the challenged inhibition of their possession was arbitrary and unreasonable or without proper relation to the legitimate legislative purpose.

"We further think it clearly follows from our numerous decisions upholding prohibition legislation that the right to hold intoxicating liquors for personal use is not one of those fundamental privileges of a citizen of the United States which no state may abridge. A contrary view would be incompatible with the undoubted power to prevent manufacture, gift, sale, purchase, or transportation of such articles—the only feasible ways of getting them. An assured right of possession would necessarily imply some adequate method to obtain not subject to destruction at the will of the state."

This seems to be the last word upon the question and we do not deem it necessary to review the authorities at length, but content ourselves with citing Delaney v. Plunkett, 146 Ga. 547, 91 S. E. 561, L. R. A. 1917D, 926, Ann. Cas. 1917E, 685; Barbour v. State, 146 Ga. 667, 92 S. E. 70; Fitch v. State (Neb.) 167 N. W. 417; State v. Brown (S. D.) 167 N. W. 400; State v. Certain Intox. Liq. (Utah) 172 Pac. 1050; State v. Fabbri, 98 Wash. 207, 167 Pac. 133, L. R. A. 1918A, 416; City of Seattle v. Brookins, 98 Wash. 290, 167 Pac. 940.

It is also insisted that section 28 of the act violates the fourteenth amendment to the constitution of the United States, which guarantees to individuals equal protection of the laws, in that several persons committing the same offense may be subject to different penalties. We do not deem it necessary to determine this question, for should we hold that the contention is well founded the rights of petitioner are in no way violated, for the reason that the punishment adjudged in his case was within the jurisdiction of the justice of the

peace in misdemeanor cases under the general statute, and no one has the right to urge an act as unconstitutional unless his rights are infringed thereby.

It follows from what we have said that the writ must be dismissed, and petitioner remanded to the custody of the sheriff of Washoe County.

It is so ordered.