[No. 2429]

## In the Matter of the Application of G. Cecchettini for a Writ of Prohibition.

[189 Pac. 624]

1. Criminal Law—Prohibition Statute Void in so Far as Conferring Concurrent Jurisdiction on Justice and District Courts.

Prohibition act, sec. 28, undertaking to confer concurrent jurisdiction of the misdemeanors of first offenses under the act on justices of the peace and the district courts, is violative of Const. art. 6, sec. 8, and void to such extent.

Original proceeding. In the matter of the application of G. Cecchettini for a writ of prohibition. **Peremptory writ directed to issue, with limitation.**

*McCarran, Miller & Mashburn,* for Petitioner:

Section 28 of the prohibition act, under which it is intended to try petitioner, is null and void and of no effect, its provisions being in conflict with section 6, article 6, Constitution of Nevada, and in contravention of section 8, article 6, thereof. These constitutional provisions are clear. "The constitution is not a grant of powers to the legislature, but a limitation upon its powers." Hubbard v. Dunne, 115 N. E. 210; Standard Oil Co. v. Graves, 162 Pac. 558. The district courts are created by the constitution, and their jurisdiction and powers are therein set forth. The legislature may prescribe the number of justices of the peace and prescribe their criminal jurisdiction. The provisions of the constitution mentioned being a limitation and not a grant, it must be clear that the constitution, having made provision for the instances in which the justice court may exercise concurrent jurisdiction with courts of record, has thereby excluded the right of the legislature to provide for concurrent jurisdiction of the justice court in any other instances. 11 Cyc. 661. "The general scheme of the constitution in conferring jurisdiction upon inferior courts, which it specifies, is to deal exclusively with the subject-matter which it mentions and enumerates." W. U. T. Co. v. Taylor, 84 Ga. 408.

The district courts are to have jurisdiction in all criminal cases not otherwise provided for by law. This excludes the idea of concurrent jurisdiction of the justice court and the district court over the same offenses. "If, however, the jurisdiction so conferred is exclusive, an act of the legislature conferring the same jurisdiction upon another court will be unconstitutional." 15 C. J. 1130. The power to grant criminal jurisdiction does not include the power to grant concurrent criminal jurisdiction. State v. Perry, 18 Nev. 412. "While the legislature has enacted statutes broad enough in their provisions to authorize the district courts to proceed by indictment in any criminal case, nevertheless it is conceded that the legislature has no power to enlarge the jurisdiction of any court beyond that expressed in the constitution." State v. Orr, 30 Nev. 458.

*G. J. Kenny,* District Attorney (*A. L. Haight,* of Counsel), for Respondent:

Justice courts have exclusive jurisdiction of first offenses under the prohibition law; therefore all first offenses must be tried in said courts. The prohibition act was intended to, and does, confer jurisdiction of first offenses upon the justice court. "Concurrent jurisdiction" means "jurisdiction," and, when jurisdiction is conferred upon justice courts in criminal cases, "exclusive jurisdiction" is thereby conferred, in view of the constitutional provision that the jurisdiction of district courts is limited, as regards criminal cases, to those "not otherwise provided by law."

In State v. Orr, 30 Nev. 458, this court has interpreted the constitutional provisions in the light of their true spirit and intent, as well as in accordance with their plain language: "When jurisdiction over certain criminal cases is conferred upon justice courts, they become cases 'otherwise provided by law,' and are by the plain language of the constitution excepted from the jurisdiction of district courts." Ex Parte Ming, 42 Nev. 472;

Ex Parte Wallingford, 60 Cal. 103; Green v. Superior Court, 21 Pac. 309; State v. Myers, 28 Pac. 650.

By the Court, COLEMAN, C. J.:

This is an application for a writ of prohibition to restrain the justice of the peace of New River township, Churchill County, Nevada, from proceeding to try the petitioner upon a misdemeanor charge for violating the prohibition statute.

As we interpret the brief filed in behalf of petitioner, it is conceded that a justice of the peace has jurisdiction to hold a preliminary hearing where one is accused of violating the prohibition law, but that he has no jurisdiction to try and determine such a charge.

Section 28 of the prohibition statute (Stats. 1919, p. 1) provides that justices of the peace shall have concurrent jurisdiction with the district court for the trial of first offenses arising under the act. From a reading of the complaint filed against petitioner, it appears that this is a first offense.

The same contention is made in this proceeding as was urged upon us in Ex Parte Arascada, 44 Nev. 30, this day decided, as to the constitutionality of the portion of section 28 which undertakes to confer concurrent jurisdiction upon the justice and district courts, and the ruling in that matter is controlling in this. In that matter we hold the portion of the section mentioned, and all portions of the statute dependent thereupon, to be repugnant to section 8 of article 6 of the constitution, and void. It follows that the justice courts are without jurisdiction to try persons charged with violating the prohibition statute. Nothing was said in Ex Parte Zwissig, 42 Nev. 360, 178 Pac. 20, contrary to the views expressed herein. In that matter the question here presented was not suggested, the petitioner assuming that the justice court had jurisdiction, if the points presented were not well taken.

While it follows that the writ sought must issue, it

does not follow that the justice of the peace has no jurisdiction to hold a preliminary hearing, as was shown in Ex Parte Arascada, supra.

It is ordered that a peremptory writ of prohibition issue, restraining the respondent from further proceeding to try the petitioner upon the charge mentioned, and from rendering a judgment therein, but not restraining said respondent from holding a preliminary hearing.