[No. 2479]

## IN THE MATTER OF THE APPLICATION OF A. CER–FOGLIO FOR A WRIT OF HABEAS CORPUS.

[195 Pac. 96]

1. STATUTES—CONSTITUTIONAL PROVISIONS AS TO TITLE IS TO PREVENT TRICKERY OR INATTENTION.

   The purpose of Const. art. 4, sec. 17, providing that each law shall embrace but one subject and the matters properly connected therewith, which shall be briefly expressed in the title, is to prevent inconsiderate or undesirable legislation through trickery or inattention.

2. STATUTES—CONSTITUTIONAL REQUIREMENT AS TO TITLE LIBERALLY CONSTRUED.

   Const. art. 4, sec. 17, requiring each law to embrace but one subject, which shall be briefly expressed in its title, though mandatory, should be liberally construed.

3. STATUTES—PROVISION OF PROHIBITION ACT HELD WITHIN TITLE.

   The provision of prohibition act, sec. 7, prohibiting the possession of intoxicating liquors in certain places, including soft-drink parlors, has a legitimate tendency to promote the object of that act to suppress the liquor traffic, so that it is within the title thereof to prohibit the manufacture, sale, keeping for sale, and gift of intoxicating liquors.

4. INTOXICATING LIQUORS—PERSON MAKING HOME IN PLACE WHERE POSSESSION IS PROHIBITED CANNOT KEEP LIQUORS THERE.

   Though the prohibition act does not prevent the keeping of liquors in a home for personal use, a person who makes his home in one of the places in which the possession of liquor is prohibited by section 7 of that act cannot keep liquor therein and thereby avoid the provision of the act.

ORIGINAL PROCEEDING in habeas corpus by A. Cerfoglio. **Writ dismissed, and petitioner remanded to custody.**

*Moore & McIntosh,* for Petitioner:

The prohibition act is unconstitutional in this: That the title is not broad enough to cover the provisions of section 7, under which petitioner has been prosecuted, and is therefore violative of the provision that "each law enacted by the legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title." Const. Nev., art. 4, sec. 17. The title of the prohibition act refers to "the manufacture, sale, keeping for sale, and gift," while the section in controversy makes it unlawful

for any person to "keep or have for personal use or otherwise, or to use or permit another to have, keep, or use intoxicating liquors." The title of the act being restrictive, it was without the power of the legislature to extend the subject-matter beyond the restrictions contained in the title. S. P. Co. v. Bartine, 170 Fed. 735.

The people and the legislature having seen fit to adopt a restrictive title with reference to prohibition, which restrictive title on its face has reference only to the "manufacture, sale, keeping for sale, and gift" of liquors, they cannot include in the act provisions which are not within that title, and which were obviously not intended to be included. Wind River L. Co. v. Frankfort Co., 196 Fed. 340.

"The provision of our constitution is that every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title. This provision is to prevent tricking the legislature into passing acts foreign to the one under consideration by it." Schmitt v. Cook Brewing Co., 120 N. E. 19, 3 L. R. A. 270.

*L. D. Summerfield,* District Attorney, and *W. M. Kearney,* Assistant District Attorney, for Respondent:

The title of the prohibition act complies with all the requirements of the constitution. The provisions of section 7 come within section 17 of article 4 of the constitution by being "matter properly connected therewith." Ex Parte Zwissig, 42 Nev. 360. "All of these provisions are properly connected with the purpose of the legislature to prevent the traffic in intoxicating liquor as a beverage, and are therefore within the title of the act." Schmitt v. Cook Brewing Co., 120 N. E. 19, 3 L. R. A. 270. "The restriction requiring the subject of the act to be expressed in its title should be reasonably construed, considering substance rather than form." 36 Cyc. 1018. "Any number of provisions may be contained in an act, however diverse they may be, so long as they are not inconsistent with or foreign to the

general subject or object." 25 R. C. L. 843. "All that can be reasonably required is that the title shall not be made, to cover legislation incongruous in itself, and which by no fair intendment can be considered as having a necessary or proper connection." Blair v. Chicago, 201 U. S. 400; State v. Ah Sam, 15 Nev. 27; State ex rel. Sparks v. Bank, 31 Nev. 456; Ex Parte Ah Pah, 34 Nev. 283.

By the Court, DUCKER, J.:

This is an original proceeding in habeas corpus.

Petitioner was convicted in the Second judicial district court in and for the county of Washoe, State of Nevada, of violating the probibition law of this state. He was thereafter sentenced to serve a term of two months in the county jail of said county and remanded into the custody of the sheriff of the county for the serving of sentence. He alleges that he is unlawfully imprisoned and restrained of his liberty, and seeks to be discharged upon this writ.

The charging part of the information upon which petitioner was tried and convicted in the district court is as follows:

"That the said defendant on the 26th day of August, A.D. 1920, or thereabouts, and before the filing of this information, at and within the county of Washoe, State of Nevada, did, then and there, wilfully and unlawfully, keep and have, for personal use and otherwise, intoxicating liquors at a place where soft drinks are, and were on said date, sold, to wit, the Europa Hotel, situated at No. 246 Lake Street, in the city of Reno, county of Washoe, State of Nevada, said Europa Hotel not being then and there a drug store."

The information is based upon section 7 of the prohibition act (Stats. 1919, c. 1). This section provides:

"It shall be unlawful for any person to keep or have for personal use or otherwise, or to use, or permit another to have, keep or use, intoxicating liquors at any

restaurant, store, office building, club, place where soft drinks are sold (except a drug store may have and sell alcohol and wines as provided by sections four and twenty-four), fruit stand, news stand, room, or place where bowling alleys, billiard or pool tables are maintained, livery stable, public building, park, road, street, or alley. * * * "

Petitioner attacks section 7 of the act upon the ground that it is unconstitutional. It is insisted that the title of the act is not broad enough to include the subject-matter of said section 7, and that it is therefore inhibited by that part of section 17 of article 4 of the constitution of the State of Nevada, which provides:

"Each law enacted by the legislature shall embrace but one subject and matters properly connected therewith, which subject shall be briefly expressed in the title."

This contention presents the only question we have to determine, as all other objections to the legality of petitioner's confinement were expressly waived on the oral argument in this court. The title of the prohibition act reads:

"An act to prohibit the manufacture, sale, keeping for sale, and gift, of malt, vinous and spirituous liquors, and other intoxicating drinks, mixtures or preparations, making the superintendent of the Nevada state police ex officio commissioner of prohibition, and defining his duties; and providing for the enforcement of this act and prescribing penalties for the violation thereof." Stats. 1919, p. 1.

It is urged that the title is restrictive, and that the proscription of the possession of intoxicating liquors for personal use at the places designated in said section has no logical connection with the subject expressed in the title, and that, as the purpose of the constitutional inhibition is to prevent the legislature, or the people acting in a legislative capacity, as the case may be, from being misled by the title into enacting legislation dealt with,

foreign to the subject indicated by the title, said section 7 is so incongruous thereto as to offend this constitutional principle.

1.  We recognize the purpose of the provision of the constitution in question is to prevent inconsiderate or undesirable legislation through trickery or inattention.

Judge Cooley, in his work on Constitutional Limitations, in discussing the evils designed to be remedied by such provisions, says:

"It may therefore be assumed as settled that the purpose of these provisions was: First, to prevent hodgepodge or 'log-rolling' legislation; second, to prevent surprise or fraud upon the legislature by means of provisions in bills of which the titles gave no intimation, and which might therefore be overlooked and carelessly and unintentionally adopted; and, third, to fairly apprise the people, through such publication of legislative proceedings as is usually made, of the subjects of legislation that are being considered in order that they may have opportunity of being heard thereon, by petition or otherwise, if they should so desire. The general purpose of these provisions is accomplished when a law has but one general object, which is fairly indicated by its title. To require every end and means necessary or convenient for the accomplishment of this general object to be provided for by a special act relating to that alone would not only be unreasonable, but would actually render legislation impossible." Cooley's Const. Lim. 172.

He adds on page 175:

"There has been a general disposition to construe the constitutional provision liberally, rather than to embarrass legislation by a construction whose strictness is unnecessary to the accomplishment of the beneficial purposes for which it has been adopted."

2.  The principle involved has received consideration in former decisions of this court and the rule recognized and applied that the provision, though mandatory,

should be liberally construed. State v. Ah Sam, 15 Nev. 27, 37 Am. Rep. 454; State ex rel. Sparks v. State Bank and Trust Co., 31 Nev. 456, 103 Pac. 407, 105 Pac. 567.

3. The object of the act is inseparably connected with its subject; and if it can be said that the suppression of the personal use of the liquors mentioned in the title at the places designated in section 7 has any legitimate tendency to promote the object of the act, it is not without the scope of the title, and is therefore unassailable as an infraction of the constitution. Is it calculated to perform such an office? We have no doubt of it. In Ex Parte Zwissig, 42 Nev. 360, 178 Pac. 20, this court declared both the object and purpose of the act as well as the purpose of section 7. In regard to the former we said that the "plain purpose of the act is not only to suppress traffic in the concoctions, liquors, and drinks mentioned in the act, but mainly to suppress their consumption, except where otherwise indicated, and in case of doubt every portion of the act must be construed in the light of that object." In respect to the latter provision the court declared that its purpose was to prevent an "evasion of the act." We see no reason to recede from these positions.

Now the title of the act declares, briefly, the subject of the legislation covered in the act, namely, the prohibition of the manufacture, sale, keeping for sale, and gift of the liquors mentioned. The object, the supression of these liquors, is obvious from the title. That the framers of the act would include in the body of it the necessary means to enforce it was to be expected. That it is unnecessary and often not conducive to proper legislation to include such means in the title is well-established constitutional law which presumes that no one will be misled by such omissions.

It will be observed that the restrictions imposed by section 7 cover a very wide scope, and it cannot be successfully contended that restrictions upon the use of liquors or anything else do not reduce legitimate traffic in the thing affected. The greater the restrictions the

more limited is the traffic in the thing required. From these considerations it must be apparent that section 7 is adapted to function in furtherance of the purpose of the act to prohibit traffic in the liquors referred to in the title, and is therefore within its scope.

Decidedly illustrative of this construction is the case of Schmitt v. Cook Brewing Co., 187 Ind. 623, 120 N. E. 19, 3 A. L. R. 270, cited by counsel for respondent. In this case the title of the act in question read:

"An act prohibiting the manufacture, sale, gift, advertisement or transportation of intoxicating liquor except for certain purposes and under certain conditions."

The constitutional inhibition involved was the same as the one under consideration here, except that the word "briefly" did not appear. The court, after stating the purpose of the provision, said:

"It will be seen by the authorities which we have heretofore set out that to prohibit the traffic the legislature may define as an intoxicant that which is far from intoxicating, in order to prevent the manufacture and sale of that which is intoxicating; that it may prevent the possession of liquor; that it may provide that the place where liquor is kept or manufactured may be declared a nuisance and closed; that it may designate those who are to handle and dispense liquor and upon what terms; that it may forbid advertisement of liquor; that it may provide what shall make a prima-facie case of violation of the law. All of these provisions are properly connected with the purpose of the legislature to prevent the traffic in intoxicating liquor as a beverage, and are therefore within the title of the act."

Many similar provisions alluded to by the court in the foregoing case are included in the prohibition act of this state and constitute the machinery designed by the framers of the act to execute its mandate. To require them to be indexed in the title is unnecessary, because they are matters properly connected with its subject by reason of the function which each performs.

We have examined carefully the cases cited by petitioner, but find nothing in them opposed to the views we have expressed. Every case must, of necessity, stand upon the particular statute involved.

4. Counsel argue that the personal use of liquors is not prevented in a home, and that often the home is at certain of the places mentioned in section 7. The question of the personal use of liquor in the home has not come to us. We will deal with it when it arrives. But suffice it to say, in passing, that no one in the possession of any of the proscribed liquor can avoid the effect of the law by making his home on the street or in the alley or in any of the places interdicted by the statute.

The writ must be dismissed, and petitioner remanded to the custody of the sheriff of Washoe County.