George P. Stier, J.
Application for an order reviewing the determination of the respondents whereby they discharged the petitioner from her position as a teacher of Home Economics.
*984 Petitioner served as a regular substitute teacher from 1955 to 1959. In September, 1959 she was appointed as a regular teacher on probation. On or about July 21, 1960, respondents adopted a resolution terminating her appointment as a teacher. Such dismissal was apparently without any hearing. Subsequently, and on February 22, 1961, petitioner was permitted to appear in person before a committee of school superintendents but respondents, in their answer to the petition specifically deny that any hearing which was held ‘ ‘ related to the matter of termination of petitioner’s services”. (Answer, par. fourth; see, also, par. fifth.) In effect, respondents contend that petitioner’s services were discontinued during the probationary period and that she was, therefore, not entitled to a hearing.
It is true that during the probationary period an appointment may be terminated, with or without cause, and the teacher has no right of review with respect to such dismissal. (Matter of O’Connor v. Emerson, 196 App. Div. 807, affd. 232 N. Y. 561; Matter of Bomar v. Cole, 177 Misc. 740.) After the probationary period has expired teachers hold their positions during good behavior and efficient and competent service and may not be removed except for cause after a hearing. (Education Law, § 2573, subd. 5.)
The question presented here then is whether petitioner’s probationary period had expired at the time that respondents terminated her services. Subdivision 1 of section 2573 of the Education Law authorizes the Board of Education to appoint teachers for a probationary period of not less than one nor more than three years, except that where the appointee has served satisfactorily as a regular substitute for two years the probationary period is limited to one year.
In the instant case petitioner served as a regular substitute for more than two years and her probationary period was, therefore, limited to one year.
Respondents contend that petitioner’s probationary year did not expire until September 8, 1960, and that her dismissal on July 21, 1960, was within said probationary period.
Subdivision 15 of section 2 of the Education Law defines the school year as follows: ‘ ‘ The term ‘ school year ’ means the period commencing on the first day of July in each year and ending on the thirtieth day of June next following.” The State Education Department has also interpreted the term school year in the same manner. (See Matter of Ford, 49 N. Y. St. Dept. Rep. 178.)
It would appear, therefore, that petitioner’s probationary period ended on June 30, 1960, and that respondents could not *985 dismiss her on July 21,1960 “ except for cause after a hearing (Education Law, § 2573, subd. 5.)
The application is granted, Avithout prejudice to respondents’ right to terminate petitioner’s employment for cause after a hearing.