■ In the Matter of MARY GRACE, Respondent, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants.— In a proceeding by petitioner pursuant to article 78 of the Civil Practice Act, for reinstatement as a teacher of home economics in the City of New York as of September 8, 1960, and for other relief, the Board of Education and the Superintendent of Schools appeal from an order of the Supreme Court, Queens County, dated February 26, 1962, which granted petitioner's application and directed them to reinstate her. Order reversed on the law, without costs, and petition dismissed. The facts are affirmed. Petitioner served as a substitute teacher of home economics in the junior high schools of the City of New York from September, 1955 to September, 1959. Thereafter, the respondent board appointed her, effective as of September 9, 1959, as a regular teacher of home economics for a probationary period of three years. It has been conceded that her previous substitute service reduced this probationary period to one year (Education Law,

§ 2573, subd. 1). On July 21, 1960 the board, accepting the recommendation of the Superintendent of Schools, adopted a resolution terminating petitioner's services as a teacher of home economics effective as of the close of business on September 8, 1960. Notice of such action was given petitioner on July 26, 1960. It was petitioner's contention, and Special Term so held, that her probationary "year" terminated upon completion of the school year, June 30, 1960, and that the action of the board on July 21, 1960 was taken after she had acquired tenure and thus she could not be removed except for cause after a hearing. Subdivision 1 of section 2573 of the Education Law provides that in city school districts such as that of the City of New York, teachers must be appointed for a "probationary period of not less than one year and not to exceed three years". Section 58 of the General Construction Law defines a "year" in a statute to mean 365 days or 12 months. It follows that where a person is appointed for a probationary period of one year, that period is completed 12 months from the date of the beginning of such period. Here, petitioner was appointed as of September 9, 1959 and thus the one year probationary period continued until September 8, 1960. Under the circumstances, the resolution terminating petitioner's services as of September 8, 1960, was within the probationary period of one year and was proper and timely (see *Matter of MacDonald* v. *Bryan*, 18 A D 2d 691). Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur. [32 Misc 2d 983.]