WELFARE DIVISION OF THE NEVADA STATE DEPARTMENT OF HEALTH, WELFARE AND REHABILITATION, APPELLANT, v. WASHOE COUNTY WELFARE DEPARTMENT, RESPONDENT.

No. 6806

November 29, 1972                    503 P.2d 457

*Robert List,* Attorney General, and *Margie Ann Richards,* Deputy Attorney General, Carson City, for Appellant.

*Robert E. Rose,* District Attorney, and *William L. Hadley,* Deputy District Attorney, Washoe County, for Respondent.

**OPINION**

*Per Curiam:*

John Daniel King, born August 18, 1953, is handicapped with a congenital birth defect. After the divorce of his natural parents, he moved to Nevada with his mother and stepfather from Calaveras County, California. Discord arose between John and his stepfather, and in November of 1969, his invalid mother gave him permission to return to Calaveras County to live with relatives.

After living with various relatives he left the home of a paternal uncle in June or July of 1970. On July 27, 1970, he was brought within the protection of the Calaveras Probation Department because of his lack of a residence, food and adult supervision. Inasmuch as Reno, Nevada was the residence of his mother, who was his legal guardian, his case was transferred to the juvenile court of Washoe County, Nevada.

Custody was assumed by the Washoe County Welfare Department and foster care was arranged for in Calaveras County, California. A custody petition was filed in Washoe County on September 8, 1970, and an order granting temporary custody was entered and filed on September 16, 1970.

John attended school in Calaveras County during the school

year of 1970–71. At the time of the hearing in the district court on September 18, 1971, he was pursuing an education plan of the Calaveras County Juvenile Probation Department and attending a vocational program for the handicapped at Columbia Junior College, Calaveras County. The schooling costs were paid by an agency of the State of California.

At issue here is the foster care cost of $85.00 per month incurred while John was attending school. The parties to this appeal could not resolve the custody problem so the respondent petitioned the district court to transfer custody to the appellant. On September 28, 1971, the district court obliged and this appeal followed.

1. The appellant acknowledges that the district court had acquired jurisdiction over John prior to his eighteenth birthday, but contends that the lower court erred in transferring custody to the State because such transfer was not warranted under either NRS Chapter 432 or under NRS Chapter 425. We hold that the lower court properly found that John Daniel King qualified under NRS Chapter 432. Qualification under NRS Chapter 425 need not be determined.

In delineating the qualifications for receiving aid under NRS Chapter 432, the legislature amended NRS 432.010(1) to read:[1] " 'Child' means a person less than 18 years of age, or if in school until graduation from high school." Such legislation is remedial in nature and should be afforded liberal construction to accomplish its beneficial intent. See, Ex parte Douglas, 53 Nev. 188, 191, 295 P.447 (1931); Ryan v. Manhattan Big Four Mining Co., 38 Nev. 92, 98, 145 P. 907 (1914); Ferro v. Bargo Mining and Milling Co., 37 Nev. 139, 142, 140 P. 527 (1914); Sutherland, Statutory Construction § 7201 (3rd ed. 1943); 82 C.J.S. Statutes § 388.

"The leading rule for the construction of statutes is to ascertain the intention of the legislature in enacting the statute, and the intent, when ascertained will prevail over the literal sense." State ex rel. O'Meara v. Ross, 20 Nev. 61, 63, 14 P. 827, 828 (1887); State ex rel. Huckley v. District Court, 53 Nev. 343, 352, 1 P.2d 105, 106 (1931); Western Pacific R.R. v. State, 69 Nev. 66, 69, 241 P.2d 846 (1952). "The meaning of words used in a statute may be sought by examining the context and by considering the reason or spirit of the law or the

---

[1]1966 Stats. of Nev. 1366.

causes which induced the legislature to enact it. The entire subject matter and the policy of the law may also be involved to aid in its interpretation, and it should always be construed so as to avoid absurd results." Ex parte Siebenhauer, 14 Nev. 365, 368 (1879); Western Pacific R.R. v. State, supra at 69.

Although John was over eighteen, he was in school but not yet graduated from high school. He is entitled to assistance under NRS Chapter 432.