BARBARA M. CRAGUN, For Herself and As Guardian Ad Litem For KAYA E. CRAGUN and KERRY L. CRAGUN, Minors, Appellants, *v.* NEVADA PUBLIC EMPLOYEES' RETIREMENT BOARD, Respondent.

No. 7935

March 31, 1976                    547 P.2d 1356

*Steffen & Simmons,* Las Vegas, for Appellants.

*Robert List,* Attorney General, and *William E. Isaeff,* Deputy Attorney General, for Respondent.

## OPINION

By the Court, GUNDERSON, C. J.:

Calvin Cragun, husband of appellant Barbara Cragun and father of appellants Kaya and Kerry Cragun, died while employed as a teacher by the Clark County School District. Appellants brought this action for declaratory relief, to establish that decedent qualified for survivor benefits under the Public Employees' Retirement Act. Upon cross motions for summary judgment, the district court ruled he did not, and entered judgment for respondent. This appeal follows.

The material facts are not in dispute. Calvin Cragun was employed under contract by the school district from August 24, 1970, until his death on July 13, 1972. By its answer, respondent admits that, "decedent had performed all the teaching services required of him under his employment contract for the 1971–1972 school year." By his contract, although his work was complete, Cragun's salary was payable in equal monthly installments over a twelve-month period. The last installment under the 1971–1972 contract was paid August

25, 1972. Thus, although earned before, Cragun's 24th monthly retirement fund payment was automatically withheld and credited after his death, under the accounting system employed by the school district.

In late July, 1972, the Public Employees' Retirement Board had advised Mrs. Cragun by letter that she was not entitled to survivor benefits, enclosing a refund application for her husband's retirement contributions. In August, 1972, appellants' counsel informed the Retirement Board that appellants contested the Board's position regarding benefits. Nonetheless, without advising counsel, in November of 1972, the Retirement Board sent another refund application directly to Mrs. Cragun. She filled out the form and respondent sent her a check.

Thereafter, upon learning of the supposed settlement, her counsel filed suit on appellants' behalf, asserting their right to receive benefits earned by their husband and father, despite respondent's efforts to achieve a lump-sum settlement. While other points have been argued, we deem two dispositive.

1. Eligibility for survivor benefits is governed by NRS 286.672(1), and the controlling issue is the meaning to be accorded the phrase "2 years of accredited contributing service."[1] Respondent contended and the district court agreed that NRS 286.672(1) required employment for 2 calendar years. Here, appellants contend that, reasonably and correctly construed, the disputed phrase only requires an employee to perform the "accredited contributing service" contemplated in a period of "2 years," and that the decedent fulfilled this requirement. We agree.

Respondent's interpretation of the phrase in question focuses entirely on the term "2 years." The qualifying phrase, "of accredited contributing service," is totally ignored. Similarly, cases respondent cites define the term "years" in the context of tenure or employment contracts. See: Grace v. Board of Education of City of New York, 241 N.Y.S.2d 429 (N.Y.

---

[1]NRS 286.672(1) provides: "If a deceased member has had *2 years of accredited contributing service* in the 2½ years immediately preceding his death and not less than 6 months of accredited contributing service in the 7 months immediately preceding his death, certain of his dependents are eligible for payments as provided in NRS 286.671 to 286.6791, inclusive. If the death of such member resulted from a mental or physical condition which required him to leave the employ of a participating public employer, his eligibility pursuant to the provisions of this section shall extend for 18 months after such termination." (Emphasis added.)

1963); Zimmerman v. Bd. of Educ. of Newark, 183 A.2d 25 (N.J. 1962); State v. East Baton Rouge Parish School Board, 35 So.2d 804 (La. 1948). Minimum tenure or probational periods are used to protect the employer from unqualified employees. Cf. Zimmerman v. Bd. of Educ. of Newark, cited above. This is not the interest to be protected by a retirement system.

Were we to adopt respondent's interpretation of NRS 286.-672(1), then even an employee who died minutes before the close of the second calendar year would fail to qualify, although all work for the calendar year was completed. We believe such a result would be unreasonable, and that we must resolve any doubt as to legislative intent "in favor of what is reasonable, as against what is unreasonable." Penrose v. Whitacre, 61 Nev. 440, 455, 132 P.2d 609, 616 (1942).

NRS 286.220(2) provides: "It is hereby declared to be the policy of the legislature that the public employees' retirement fund is a trust fund established to afford a degree of security to long-time public employees of the state and its political subdivisions. . . ."

"The meaning of words used in a statute may be sought by examining the context and by considering the reason or spirit of the law or the causes which induced the legislature to enact it. The entire subject matter and the policy of the law may also be involved to aid in its interpretation, and it should always be construed so as to avoid absurd results." Welfare Div. v. Washoe Co. Welfare Dep't., 88 Nev. 635, 637, 638, 503 P.2d 457, 459 (1972). The Public Employees' Retirement Act must therefore be construed reasonably, to afford employees the protection they earn. Thus, we hold NRS 286.672(1) requires only that, within the 2½ years immediately preceding death, employees must complete whatever "accredited contributing service" is required in a "2 year" period, not that they must necessarily live two full calendar years from the date of their employment. The statute's emphasis is on service, not on survivorship, and contains no clear indications that contemplated benefits were fixed with reference to actuarial concerns related to longevity.

We agree, of course, as respondent suggests, that our law should apply equally to all employees. However, although some employees may not complete the "accredited contributing service" required to qualify, until two full calendar years

on the job, in our view considerations of equal protection do not mandate denying earned benefits to those who qualify at an earlier point in time.

We also agree that a deceased employee, including a teacher, must also satisfy the requirement of "not less than 6 months of accredited contributing service in the 7 months immediately preceding his death." However, the statute's obvious purpose in this regard is to withhold benefits when an employee has failed, for more than one month in the seven preceding death, to perform required services. Here, no such failure occurred. In the instant case, except for taking two days sick leave in June, Calvin Cragun worked every day his contract required him to work, in the seven months before his demise. All physical aspects of his work thus having been performed earlier, we do not read the law to contemplate penalizing Cragun's survivors because he did not and could not do more, during his last month of life.

2. Regardless of what interpretation may be accorded NRS 286.672(1), respondent contends Mrs. Cragun's acceptance of a lump-sum refund of all contributions constituted an irrevocable election of remedies. Even in the absence of a controlling statute, we question such an election would follow from Mrs. Cragun's uncounseled actions. However, in this case, NRS 286.678 precludes a lump-sum refund, since more than one person is eligible for benefits.[2] The money erroneously refunded to Mrs. Cragun may, of course, be offset against benefits to which she has become entitled since July 13, 1972. It may not be offset against benefits owing to Kaya and Kerry Cragun.

Reversed.

BATJER, ZENOFF, and MOWBRAY, JJ., concur.

THOMPSON, J., dissenting:

Respectfully, I wish to record my disagreement with the opinion of the Court.

---

[2]As worded at the time this litigation arose, NRS 286.678 provided: "Any beneficiary eligible for payments under the provisions of NRS 286.674, 286.675, 286.676 or 286.677 may elect to waive payment of a monthly allowance and to receive instead a lump-sum refund of all contributions to the retirement fund made by a deceased member, but if more than one person is eligible for benefits on account of the contributions of any one deceased member, no such lump-sum payment may be made."

The appellants have submitted a case which evokes sympathy. I, too, would like to see the Cragun family eligible for survivor benefits. This result, however, should not be accomplished by a construction of the Public Employees' Retirement Act which may prove detrimental to the survivors of other public employees, including school teachers, when the tragedy of death strikes. Equal application of the Act to all members of the system should be the rule of eligibility for survivor benefits unless the legislature has otherwise expressed itself. The legislature has not done so. The Act contemplates equal application and the eligibility formula is clear and easily understood.

1. Eligibility for survivor benefits is governed by NRS 286.672(1), and the issue here is the meaning to be accorded the phrase "two years of accredited contributing service."[1] It is the appellants' contention that Mr. Cragun had completed two full teaching years and had been credited with 24 monthly payments to the retirement fund, thereby meeting the statutory eligibility requirement. On the other hand, the respondent Board contends that the word "years" as used in the statute is not to be restricted to a "school year" of nine or ten months duration, but means an ordinary year of twelve months duration measured from anniversary to anniversary date. The district court agreed with the Board.

The common meaning of the word "year," when used without limitation such as "academic year," is a period of twelve months from anniversary to anniversary date. State v. East Baton Rouge Parish School Board, 35 So.2d 804 (La. 1948); see generally, annot. 3 A.L.R.3rd 584 (1966). Such common meaning is to be used unless the statute suggests that some other meaning was intended. Application of Filippini, 66 Nev. 17, 24, 202 P.2d 535 (1949); Ex Parte Ming, 42 Nev. 472, 492, 181 P. 319 (1919); Ex Parte Zwissig, 42 Nev. 360, 363, 178 P. 20 (1919).

The Public Employees' Retirement Act contains nothing to indicate that school teachers are to be treated differently than

---

[1]NRS 286.672(1) in relevant part reads: "If a deceased member has had 2 years of accredited contributing service in the 2½ years immediately preceding his death and not less than 6 months of accredited contributing service in the 7 months immediately preceding his death ; . . . certain of his dependents shall be eligible for payments as provided in NRS 286.671 to 286.6791 inclusive. If the death of such member resulted from a mental or physical condition which required him to leave active service, such eligibility shall extend for eighteen months after such member left active service."

other public employees. There is no intimation that a year of service for a school teacher is less than 12 months for the purposes of eligibility under the Act. The term "academic year" is not used. I believe that the legislature intended equal application of the Act to all members of the retirement system insofar as "two years of accredited contributing service" is concerned. The legislature did not designate one or another group of public employees to receive special consideration in that regard.

School teachers are employed on a yearly basis, that is, for a period of twelve months from anniversary to anniversary date, and are paid monthly for their service during the entire year. They are "in service." of the employer for that period even though not teaching during the Thanksgiving, Christmas and Easter recesses, nor during the summer recess months. An employee on paid vacation remains in the service of his employer. Butler v. Bakelite Co., 160 A.2d 36 (N.J. 1960).

Indeed, the appellants implicitly have acknowledged that summer nonteaching months are "service" months in computing the precondition to eligibility of two years of service. I say this because the appellants have counted the 1971 summer nonteaching months for that purpose. To now contend that Mr. Cragun's second year of "service" ended at the end of the spring school semester of 1972 because he had completed his teaching responsibilities, is a contradiction and points out the flaw in the appellants' position.

This conclusion is compelled, as well, by the requirement of NRS 286.672(1) that the deceased member has had "not less than 6 months of accredited contributing service in the 7 months immediately preceding his death. . . ." If summer months are not counted as service months for a teacher's service year, then no teacher who dies between August and the following March will be able to satisfy the requirement that he have 6 months of accredited contributing service in the 7 months immediately preceding his death. The legislature could not have intended that result.

2. The appellants' contention that the last sentence of NRS 286.672(1) may be utilized to establish eligibility is similarly without substance. That sentence: "If the death of such member resulted from a mental or physical condition which required him to leave active service, such eligibility shall extend for eighteen months after such member left active service."

Mr. Cragun did not leave the active service of the school district as the result of a mental or physical condition. He

became ill two days before his teaching responsibilities were completed under his 1971–72 contract. However, he thereafter continued in the "service" of the school district until his death on July 13, 1972.

The quoted sentence contemplates the circumstance where, because of physical or mental illness, the employment is terminated. It does not apply to the case of an ill employee who continues to be employed, paid and in service of his employer.

For the reasons expressed, I would affirm the summary judgment entered below.