OPINION OF THE COURT
Vincent J. Hand, J.
The petitioners, in this CPLR article 78 proceeding, seek a *885 judgment ordering that the petitioners be reinstated and appointed to positions as full-time elementary school teachers retroactive to June 30, 1988 and ancillary relief.
On May 26, 1981, the two petitioners were terminated, effective June 30, 1981, as elementary school teachers by the respondent Board of Education, based upon declining enrollment.
Education Law § 2510 (3) provided for petitioners’ preferential rights to reinstatement and appointment as elementary school teachers, upon vacancy(ies) occurring in the school district, in the position of elementary school teachers, within seven years from the date of abolition of their positions. The amendment to section 2510 (3), which extended the preference recall status from 6 years to 7 years, effective July 27, 1981, enured to the benefit of petitioners.
The last sentence of section 2510 (3) which requires a school district to maintain a preferred eligible list for reinstatement of excessed teachers provides: "The persons on such preferred list shall be reinstated or appointed to such vacancies in such corresponding or similar positions in the order of their length of service in the system at any time within seven years from the date of abolition or consolidation of such office or position.”
On July 19, 1988 and on August 23, 1988, there were submitted, to the respondent Board, recommendations for the appointment of seven new teachers effective September 1, 1988, to fill seven vacant elementary school teaching positions. These vacancies had been created due to the resignations of seven incumbent teachers. The seven resignations were accepted by the Board of Education on September 22, 1987 (1), November 24, 1987 (2), January 12, 1988 (2), and May 17, 1988 (2). The effective date for six of the resignations was June 30, 1988, while the resignation of Yvetter Bastow, accepted January 12,1988, was effective July 14,1988.
The question presented, in this proceeding: were the positions at issue "vacant” within the purview of Education Law § 2510 (3), prior to the expirations of the seven years measured from the effective date petitioners were excessed from their positions as elementary school teachers?
The preferential rights of an excessed teacher are triggered when a vacancy exists or may thereafter occur.
The petitioners assert that the focus of this article 78 proceeding is the respondent’s failure to timely declare the *886 positions in question as permanent vacancies and further, that six vacancies occurred as at June 30, 1988 and the petitioners’ preferential rights did not expire until July 1, 1988.
Petitioners further assert that by delaying the date of vacancies by one day, to July 1, 1988, the petitioners were not afforded the statutory benefit of preferential right to reinstatement within seven years measured from June 30, 1981, and in fact, their preferred right to reinstatement was reduced to a period of six years for six positions. The petitioners do not, in this proceeding, seek relief as to the seventh position wherein the respondent Board resolution of January 12, 1988 made the termination by resignation effective July 14,1988.
The respondent asserts that the petitioners’ preferential rights expired June 30, 1988 which date was prior to the occurrence of any vacancy as provided in Education Law § 2510 (3). The respondent further asserts that the six vacancies occurred July 1, 1988.
The respondent argues that the petitioners, in fact, seek to extend petitioners’ preferential rights into an eighth school year.
The reasoning employed by respondents is as follows: "Petitioners had the protection of the statute for the 1981-82 school year; 1982-83 school year; 1983-84 school year; 1984-85 school year; 1985-86 school year; 1986-87 school year; and 1987-88 school year — a total of seven school years. The teaching positions sought are for the 1988-89 school year, the eighth school year to commence from the time of petitioners excession.”
The respondent asserts that June 30, is the last day of the school year and July 1 is the first day of the new school year and accordingly, the six vacancies came into existence midnight July 1, 1988. Education Law § 2 — "Definitions”, at subdivision (15), provides: "15. School year. The term 'school year’ means the period commencing on the first day of July in each year and ending on the thirtieth day of June next following.”
This court declines to adopt the petitioners’ position that the vacancies occurred on the respective dates of the resolutions of the respondent which accepted the retirement of the teachers. (This reasoning would increase the vacancies from 6 to 7.) This court distinguishes Matter of Daul v Board of Educ. (63 NY2d 862) on the facts. In the proceeding before this court, all teachers continued in active employment until the end of the school year. In Daul, a teacher who had been on sick leave for a year and a half notified the Board of Educa *887 tion in June of 1981 that "poor health prevented her from fulfilling her duties” and she submitted her resignation effective Júne 1982. The Court of Appeals affirmed the Appellate Division’s finding that a vacancy had been created prior to the effective date of the incumbent’s retirement.
Education Law § 2510 (3) provides for reinstatement or appointment to a vacancy in a corresponding or similar position "within seven years from the date of abolition or consolidation of such office or position(Emphasis supplied.)
General Construction Law § 58 provides as follows:
"58. Year in statute, contract and public or private instrument
"The term year in a statute, contract, or any public or private instrument, means three hundred and sixty-five days”.
General Construction Law § 20 provides:
"20. Day, computation
"A number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made. * * * In computing any specified period of time from a specified event, the day upon which the event happens is deemed the day from which the reckoning is made. The day from which any specified period of time is reckoned shall be excluded in making the reckoning.” (Emphasis supplied.)
General Construction Law § 19 provides:
"19. Day, calendar
"A calendar day includes the time from midnight to midnight.”
The "effective” date of petitioners’ excessing was June 30, 1981. The seven-year period within which section 2510 (3) continued the petitioners on a preferred list, was not the "school year” commencing on the first day of July 1981 and ending on the 30th day of June 1988, as such is defined in Education Law § 2 (15).
The respondent’s use of June 30, 1981, as the effective date of termination, does not result in substituting the school year definition of Education Law for the statutory definitions, included in General Construction Law §§ 58, 20 and 19. The period referred to in Education Law § 2510 (3) is clearly not the school year. The measuring period is determined by reference to the provisions of General Construction Law §§ 58, 20 *888 and 19. (See and cf., dicta in Matter of Grace v Board of Educ., 19 AD2d 637.)
Based upon the foregoing analysis, this court determines that the petitioners continued on the preferred list for reinstatement or appointment to the six vacancies created as a result of the termination of employment of six teachers as at June 30, 1988. The seven-year period within which the petitioners were on the preferred list expired at midnight on July 1, 1988. This court holds that the petitioners are entitled to appointment without retroactivity and other ancillary benefits.
The right, if any, of other persons on the preferred list with alleged superior rights to the petitioners are not before this court for consideration in this proceeding.
Settle judgment directing the respondents to reinstate petitioners Patricia Raben and Marcella Mitten to full-time positions as teachers at the earliest opportunity.