Young, J.,
dissenting:
I believe that the district court abused its discretion by releasing the funds at issue without making any findings as to whether the amount of money remaining was sufficient to cover future claims against the fund by persons injured by the fraudulent activity of Pittman, dba Credit Auto Sales (“CAS”), or his associates.
The pool of money that is the subject matter of this dispute is a cash deposit which CAS made pursuant to NRS 482.345 and NRS 482.346. These statutes provide that in order to acquire a *1195 license to sell automobiles, a dealer must either post a $50,000.00 bond (NRS 482.345) or deposit $50,000.00, in lieu of a bond, with the Department of Motor Vehicles (“the Department”) (NRS 482.346). When a person is injured by an action of the dealer which violates a provision of NRS Chapter 482, that person may, upon good cause shown, be compensated for his injury from the bond or deposit. NRS 482.345(5) and NRS 482.346(2). As the majority states, the intent of this legislation is clearly to protect consumers from fraud and sharp practice on the part of auto dealers.
It is well established that when interpreting a statute, “ ‘[t]he entire subject matter and the policy of the law may also be involved to aid in its interpretation, and it should always be construed as to avoid absurd results.’ ” Moody v. Manny’s Auto Repair, 110 Nev. 320, 325, 871 P.2d 935, 938 (1994) (quoting Welfare Div. v. Washoe Co. Welfare Dep’t., 88 Nev. 635, 638, 503 P.2d 457, 459 (1972)).
NRS 482.346(2)(a) provides that funds from the deposit may be released upon receipt of “a court order requiring the director [of the Department] to release all or a specified portion of the deposit.” This statute does not contain language which explicitly guides the district court’s discretion in issuing such an order. However, as the majority indicates, it is absurd to suppose that the legislature intended to grant the district court the discretion to release the funds from a deposit in such a manner as would leave consumers without the protection afforded them by these statutes; such legislation would be self-defeating. Thus, the statutory scheme necessarily implies that the goals of consumer protection operate as guideposts for the district court’s discretion in this context. Accordingly, I believe that the district court abuses its discretion when it orders the release of funds from a deposit without determining that sufficient funds remain in the deposit to cover any outstanding claims by injured consumers against the depositor dealer. Were this not the rule, every district court judge would have the discretion to thwart the legislative goals that are furthered by NRS 482.345 and NRS 482.346.
In this case, Pittman opted to deposit a $50,000.00 certificate of deposit with the Department. It was later discovered that CAS had sold at least twenty vehicles with fraudulently obtained smog certificates. The Department initially fined Pittman $45,000.00. However, after some negotiation, Pittman and the Department stipulated to a $30,000.00 fine, to be satisfied from the deposit Pittman had made pursuant to NRS 482.346.
Shortly after this settlement was reached, Pittman’s former attorney, Garcia-Mendoza, filed a motion to attach by lien Pittman’s deposit in order to pay outstanding attorney’s fees. *1196 Garcia-Mendoza later filed suit against Pittman, seeking to recover attorney’s fees. The Department opposed the lien motion and sought to intervene in Garcia-Mendoza’s action against Pittman. Ultimately, the district court determined that Garcia-Mendoza’s claim to the funds in the deposit was superior to that of the Department. Accordingly, the district court ordered the Department to pay Garcia-Mendoza $44,354.85 from Pittman’s deposit.
I do not contest the majority’s conclusion that Garcia-Mendoza’s claim to the funds in Pittman’s deposit was superior to that of the Department. However, I believe that the district court did not make sufficient findings of fact to justify the release of these funds in the first place. The district court merely found that there were no outstanding claims against the fund by consumers who had purchased automobiles with fraudulent smog certificates. There is no evidence in the record that the Department had made any effort to notify potentially injured consumers of the availability of the funds from Pittman’s deposit. Thus, there could well exist a number of persons injured by Pittman’s fraudulent activity who brought no claim against the fund because they were unaware of its existence. Therefore, in my view, the district court’s bare finding that no claims were outstanding is insufficient to support its order releasing those funds to Garcia-Mendoza. Therefore, I conclude that the district court abused its discretion by ordering the release of these funds.
It seems to me that the majority’s ruling today will effectively eviscerate the protection which NRS 482.345 and NRS 482.346 were designed to afford the customers of unscrupulous auto dealers. Therefore, I respectfully dissent.