State *v.* Silver.

THE STATE OF NEVADA, APPELLANT, *v.* FRANK SILVER, RESPONDENT.

STATUTE TO EMBRACE BUT ONE SUBJECT—CONSTITUTION, ART. IV, SEC. 17. The design of the constitutional provision that a statute shall embrace but one subject, to be briefly expressed in the title (Const. Art. IV, Sec. 17,) is to prevent improper combinations to secure the passage of laws containing subjects having no necessary or proper relation and which as independent measures could not be carried; also to prevent the legislature and the public from being misled by the title.

STATUTE MAY EMBRACE MATTERS GERMAIN TO SUBJECT. The details of a statute need not be specifically stated in the title ; but matters germain to the subject and adapted to the accomplishment of the object in view may properly be included.

PROVISION RELATING TO KILLING OF STOCK IN MARKS AND BRANDS STATUTE UNCONSTITUTIONAL. The provision in relation to the unlawful killing of stock and making it a felony, contained in the statute regulating marks and brands (Stats. 1873, 99, Sec. 10,) bears no proper relation to the subject of the statute as expressed in the title, and is therefore unconstitutional.

MALICIOUS KILLING OF CATTLE A MISDEMEANOR.  Section 143 of the Crimes Act, making the malicious killing of cattle a misdemeanor, is unaffected by the provision in the act regulating marks and brands, making it a felony (Stats. 1873, 99, Sec. 10)—the latter provision being unconstitutional.

APPEAL from the District Court of the Second Judicial District, Washoe County.

Defendant was indicted for having on July 1, 1873, in Verdi Township, Washoe County, unlawfully, wilfully and feloniously killed a steer then and there running at large, with intent to defraud Christian Haller, the owner thereof, contrary to the form of the statute, etc. A demurrer was interposed to the indictment on the grounds that it did not substantially conform to the requirements of sections 234 and 235 of the Criminal Practice Act, and that the facts stated did not constitute a public offense. The demurrer was sustained; the indictment dismissed, and the defendant discharged. The State appealed.

T. Laspeyre, for Appellant.

I.   Section 10 of the act regulating marks and brands, provides that any person who, with intent to defraud, kills any stock running at large, whether branded, marked or not, shall on conviction thereof be deemed guilty of a felony, etc. The killing of stock running at large, whether branded or not, has a connection with and direct reference to the subject of the act and the provision performs its office by aiding to enforce the regulation of marks and brands. The killing relates to stock with marks and brands and to stock running at large, whether branded, marked, or not.

II.   In construing statutes the intention, the purpose, the object of the law-makers is to be regarded. The meaning of the law is to be adduced from a view of the whole and of every part of a statute taken and compared together. 1

State v. Silver.

Chitty's Black., Secs. 59, 60; Potter's Dwarris on Stat., 178, 189; note 1 and note 18.

III.   The object of the legislature was to protect owners of a certain class of property running at large, to wit: horses, cattle, hogs, and sheep, which could not from the very nature of the property, the manner in which it is cared for, the vast and illimitable ranges of country over which it is compelled to roam to obtain sustenance, be otherwise effectually protected against thieves and lawless depredators.

IV.   The constitutional provision in regard to the titles of statutes, never contemplated or intended that they should embrace all the distinct provisions of a bill in detail; for if such were the case, how awkward, bungling and cumbersome, not to say absurd, would a very large number of laws passed by the legislature of Nevada present themselves by their titles?

*L. A. Buckner*, Attorney-General, also for Appellant.

*Webster & Knox*, for Respondent.

I.   If the said statute concerning marks and brands possesses any validity as a penal statute and creates a felony, the indictment is insufficient, as it does not follow the words of the statute or use equivalent words. If the offense charged be created by statute, the words of such statute or words of similar import should be used in the indictment. *People* v. *Logan*, 1 Nev. 115; 1 Bishop Crim. Procedure, Sec. 360, note 2; Wharton Am. Crim. Law, Sec. 364, 365, and notes e, f, g; *State* v. *Gardner*, 5 Nev. 377.

II.   So much of the statute regulating marks and brands as attempts to create a new felony, is unconstitutional and void. There is no congruity or proper connection between the subject of regulating marks and brands and that of creating a

new crime and making it a felony to kill stock running at large, etc., and prescribing a penalty therefor. No reference is made, in the title to the act, to the subject of crimes and punishments. If section 17 of Article IV of the constitution can be disregarded by the legislature, and its action be sustained by the courts, there is no limit to the number of subjects that may be embraced in a single statute.

By the Court, BELKNAP, J.:

The respondent was indicted for unlawfully killing a steer, contrary to the provisions of the tenth section of an act of the legislature, approved February 27, 1873, entitled "an act to regulate marks and brands." Stats. 1873, 99. A general demurrer to the indictment was sustained. In support of the ruling of the district court it is argued that so much of the legislative act as relates to the killing of stock is unconstitutional and void, because in conflict with section seventeen of article four of the constitution, which declares that "each law enacted by the legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title."

The statute provides that the owners of stock running at large shall deliver patterns of their marks, brands and counterbrands to the recorder of the county in which the stock may be. If the patterns thus delivered to the recorder are unlike any other in the State, so far as his knowledge may extend, he is required to record them in a specified manner, and entitled to demand and receive a fee therefor. Section four imposes a penalty for willful neglect or refusal on the part of county recorders to discharge the duties imposed upon them by the provisions of the act. Subsequent sections make a certified copy of the owner's mark or brand *prima facie* evidence of his ownership of stock bearing such mark or brand ; declare a liability to forfeiture of stock

branded with another's brand without his consent, and pro-
hibit the employment of cruel marks.

A restriction similar to that contained in section seven-
teen of article four is imposed upon the legislatures of many
of our sister states. Its design has frequently been declared
to be the prevention of improper combinations, to secure
the passage of laws containing subjects having no necessary
or proper relation, and which as independent measures could
not be carried; and, also, as expressed by Judge Gardiner
in the case of *The Sun Mutual Ins. Co.* v. *The Mayor*, 4 Seld.
253, "that neither the members of the legislature nor the
public should be misled by the title." The construction
placed upon the clause is, that the details of a legislative
act need not be specifically stated in the title, but matter
germain to the subject and adapted to the accomplishment
of the object in view may properly be included. Thus, the
fixing of the officer's fee for recording the mark or brand,
and the imposition of a penalty for willful neglect are mat-
ters properly connected with the enforcement of the law and
the attainment of the contemplated object.

The subject of unlawful killing of stock, however, bears
no proper relation to that of the regulation of marks and
brands; and a statute entitled "an act to regulate marks
and brands" gives no intimation, by its title, of a provision
for the punishment of the unlawful killing of stock. So
much of the statute, therefore, as relates to the killing of
stock we consider unconstitutional.

The statute of 22 and 23 Car. II. c. 7, makes the malicious
killing of cattle a felony, 4 Bl. Com. 244 ; but this offense
is modified by section 143 of the crimes act to a misde-
meanor. This section is unaffected by the unconstitutional
portion of the act regulating marks and brands; the offense
remains a misdemeanor, and consequently the indictment
cannot be sustained as a common law indictment.

Judgment affirmed.