# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

OF THE

## STATE OF NEVADA.

## JANUARY TERM, 1880.

[No. 1002.]

### THE STATE OF NEVADA, RESPONDENT, v. AH SAM, APPELLANT.

OPIUM ACT—CONSTITUTIONALITY OF.—The "Opium Act" (Stat. 1879, 121) embraces but one subject, and its title is not too restrictive to cover the provisions of section 6.

IDEM—TITLE OF ACT—HOW CONSTRUED.—The constitutional provision, that each law shall embrace but one subject, which shall be briefly expressed in the title, is mandatory, but should be liberally construed.

RESORT—MEANING OF.—The word "resort," as used in the opium act, means to go once, or more, to a place kept for opium-smoking.

PLACE OF RESORT.—A room where all the apparatus for opium-smoking is found, and a number of persons, white men and Chinamen, are present, is a place of resort within the meaning of those words, as used in the statute.

APPEAL from the District Court of the Fourth Judicial District, Humboldt County.

The facts appear in the opinion.

*L. J. Maddux* and *S. Grass*, for Appellant:

I. The constitutional provision which declares that every law shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed

in the title, is mandatory. (Cooley's Con. Lim., 74, 78, 148, 150; *People* v. *Lawrence*, 36 Barb. 177; *State* v. *Silver*, 9 Nev. 227.)

II. An act containing subjects not expressed in its title is unconstitutional and void. (*Prothro* v. *Orr*, 12 Ga. 36; *Robinson* v. *Bank of Darien*, 18 Id. 65; *People* v. *Cleean*, 32 Ill. 65; *Foley* v. *State*, 9 Ind. 363; *Iyoe* v. *State*, 14 Id. 239; *Fishkill* v. *F. and P. Road Co.*, 22 Barb. 634; *People* v. *Commissioners*, 53 Id. 70; Cooley's Con. Lim., ch. 6, 148, *et seq.*; 1 Kent's Com. 461.)

III. If a provision of a statute is unconstitutional, it can bo stricken out, if it does not modify or restrict the effect of the other provisions. (*Robinson* v. *Bidwell*, 22 Cal. 379; *Mills* v. *Sargent*, 36 Id. 379; *In re Jas. De Vaucene*, 31 How. Pr. 289; *Nelson* v. *People*, 33 Ill. 390.)

IV. The act embraces two or more subjects, viz.: 1. The regulation and disposal of opium. 2. The prohibition of the keeping of places of resort for the purpose of smoking opium, or otherwise using that drug. 3. Makes it a criminal offense for any one to resort to any house kept for the purposes forbidden by the act, for the purpose of smoking opium, or indulging in the use of opium, or any preparation containing opium. (Cooley's Con. Lim., ch. 6, 155; *State* v. *Silver*, 9 Nev. 227; *Winona R. R. Co.* v. *Waldron*, 11 Minn. 515; *Deegan* v. *Morrow*, 31 N. J. L. 136; 1 Kent's Com. 461.)

*M. A. Murphy*, Attorney-General, for Respondent:

I. The law embraces but one subject and matter properly connected therewith. The subject is to prevent the sale and use of opium; the manner in which it is to be prevented, or the punishment inflicted for a violation of the law, need not be expressed in the title. (*San Antonio* v. *Lane*, 32 Tex. 405; *People* v. *Lawrence*, 41 N. Y. 137; *Ottawa* v. *People*, 48 Ill. 233; *Brewster* v. *City of Syracuse*, 19 N. Y. 116; *Sun Mut. Ins. Co.* v. *Mayor et al.*, 8 Id. 241; *Tuttle* v. *Strout*, 7 Minn. 468.)

II. The degree of particularity with which the title of an act is to express its subject, is not defined in the constitu-

tion, and rests in the discretion of the legislature. (*Brewster* v. *City of Syracuse, supra; Neuendorff* v. *Duryea,* 69 N. Y. 557; *People* v. *Briggs,* 50 Id. 553.)

III. If the title does not mislead or effect a surprise, it will be good. (*People* v. *McCallum,* 1 Neb. 182; *Commonwealth* v. *Green,* 58 Penn. 226; *State* v. *Judge of Davis Co.,* 2 Iowa, 280.) An act to suppress murder, lynching, and assault and batteries, deals but with one subject. (*Gunter* v. *Dale Co.,* 44 Ala. 639; *Farley* v. *Dowe,* 45 Ala. 324; *Ex parte Upshaw,* Id. 234; *Bridgeford* v. *Hall,* 18 La. Ann. 211.)

IV. The general purpose of the constitutional provision is accomplished when a law has but one general object, which is fairly indicated by its title. (Cooley's Con. Lim., sec. 144; *Humboldt* v. *Com'rs Churchill Co.,* 6 Nev. 30; *People* v. *Mahaney,* 13 Mich. 495; *Morford* v. *Ungar,* 8 Iowa, 82; *Bright* v. *McCullough,* 27 Ind. 223; *Mayor* v. *State,* 30 Md. 112; *Davis* v. *State,* 7 Id. 159; *Keller* v. *State,* 11 Id. 531; *Parkinson* v. *State,* 14 Id. 184; *State* v. *Town of Union,* 33 N. J. 351; *Sun Ins. Co.* v. *Mayor,* 8 N. Y. 252; *Whiting* v. *Mt. Pleasant,* 11 Iowa, 482; *Battle* v. *Howard,* 13 Tex. 345; *State* v. *Davis,* 14 Nev. 439.)

By the Court, BEATTY, C. J.:

The appellant was convicted of violating section 6 of " An act amendatory and supplemental of an act to regulate the sale or disposal of opium and to prohibit the keeping of places of resort for smoking or otherwise using that drug," etc. (Stats. 1879, 121.)

The following is the material portion of said section: " Section 6. It shall not be lawful for any person to resort to any house, room, or apartment, or other place kept for any of the purposes forbidden by this act, for the purpose of indulging in the use of opium or any preparation containing opium, by smoking or otherwise."

We are asked to reverse the judgment of the district court, on the ground that it was error to overrule the defendant's demurrer to the indictment, whereby it was objected: 1. That the whole of said act is unconstitutional and void, for the reason that it embraces more than one

subject; and, 2. That even if the whole act is not void, for the reason stated, section 6 thereof, at least, must fall, because its provisions are not within the terms of the title.

The clause of our constitution upon which these objections are founded reads as follows: "Each law enacted by the legislature shall embrace but one subject, and matter properly connected therewith, which subject shall be briefly expressed in the title." (Art. 4, sec. 17.)   Provisions similar to these in the constitutions of the other states have generally been held to be mandatory (Cooley's Con. Lim. 150), and such is the view of this court.   (*State* v. *Silver*, 9 Nev. 227.)

The appellant is correct, therefore, in assuming that any act passed in disregard of the letter and spirit of these provisions is *pro tanto* void.   If two incongruous subjects are embraced in the same act, the whole act is void, and even when but one subject is embraced in an act, yet if its title has been unnecessarily made so restrictive as not to cover the whole subject, such parts of the act as are not included by the title must fail.

Does the act under which the appellant was convicted embrace more than one subject, or is its title too restrictive to cover the provisions of section 6?

Clearly it does not embrace more than one subject, and if its title had been, "An act for the suppression of opium dens," we think no one would have been found to question its constitutionality.  The following is an epitome of its different provisions: It prohibits the sale of opium, except when prescribed by licensed physicians, and in that case allows only druggists and apothecaries to sell it; prohibits the keeping of places of resort for smoking; prohibits the leasing of houses for such purposes; subjects the interest of the owner or lessor of premises leased with knowledge that they are intended to be used for opium smoking to a lien for any fine or costs recovered against the occupant, and, finally, by section 6, prohibits all persons from resorting to places kept for the forbidden purpose.

From this statement it is apparent that the legislature, in

passing the act in question, had but one object in view, viz.: the suppression of the places commonly known as opium dens, and nothing is contained in the law that is not clearly conducive to that end. The sale of opium is restricted, as far as it can be consistent with its proper use as a remedial agent, in order to prevent its improper use as a means of intoxication, and such restriction of its sale has an obvious tendency to break up the establishments at which the law is aimed. Of the same tendency are the provisions of section 6, the effect of which is to drive away the patrons and diminish the profits of such establishments. The other provisions of the act are even more directly adapted to the end in view. There is nothing, therefore, in the body of the law to sustain the first objection above stated. The second objection, however, which relates to the title of the act, has a much greater show of reason to support it.

This does not profess in explicit terms to aim at the suppression of opium dens by every legitimate means, but merely to prohibit the keeping of such places, and, upon strict rules of interpretation, it would be difficult to maintain that the latter expression is as broad as the former, or that it will cover anything besides provisions for punishing the keepers of the interdicted resorts. But in dealing with this particular objection to parts of statutes, which, as a whole, embrace but one subject of legislation, the courts of the different states have adopted an exceedingly liberal rule of construction in favor of their validity. The decisions on the point are very numerous, but it would be unnecessary and unprofitable to attempt a review of them; for in scarcely a single instance is an attempt made to lay down any rule or principle more definite than is to be gathered from the remark of Judge Cooley (Con. Lim. 146), that "there has been a general disposition to construe the constitutional provision liberally, rather than to embarrass legislation by a construction, whose strictness is unnecessary to the accomplishment of the beneficial purposes for which it has been adopted."

The "beneficial purposes" designed to be accomplished
by the provision in question are said to have been the pre-
vention of "surprise or fraud upon the legislature by
means of provisions in bills of which the titles gave no in-
timation, and which might therefore be overlooked, and
carelessly and unintentionally adopted," and to fairly ap-
prise the public of the subjects of legislation under consid-
eration by their representatives, in order that they might
have an opportunity of being heard thereon by petition, or
otherwise. (Cooley's Con. Lim. 142, 143.) It is not incon-
sistent with these purposes to give some slight enlarge-
ment to the literal meaning of the title of a law, and there are
numerous precedents that will justify us in saying that
the title of this act, "to prohibit the keeping of places of
resort," etc., is substantially equivalent to "for the suppres-
sion of places of resort," etc. (Cooley's Con. Lim. 141–
150, and notes.)

We conclude that the objections to the constitutionality of
the law, under which the appellant was indicted, are un-
founded, and that the district court did not err in over-
ruling his demurrer.

The appellant also contends that the district judge erred
in instructing the jury to the effect, that going once to a
place kept for opium-smoking, for the purpose of smoking,
is an infraction of the law. What the statute forbids all
persons to do is to "resort" to such places, and it is argued
that resort means, not to go merely once, but to go and go
again—in other words, to make a practice of going. The
etymology of the word resort lends some support to this ar-
gument, but the definitions given in the lexicons show that
whatever may have been its original meaning it no longer
means anything more in the connection in which it is em-
ployed in the statute than to go once.

It is also claimed that the evidence was insufficient to
show that the place where appellant was arrested was a place
of resort such as the statute prohibits. But upon this point
we think the case was very clearly made out. The evidence
showed that the room in which the appellant was arrested

contained all the apparatus for opium-smoking, and a number of persons—white men and Chinamen—besides the appellant; were found there in various stages of the sort of intoxication produced by the use of opium.

The judgment appealed from is affirmed.