No. 2598

## Ex Parte MANTELL and RAIGEN

July 2, 1923.                          216 Pac. 509.

1. STATUTES — "WHITELEY ACT" ADOPTING FEDERAL PROHIBITION LAW HELD NOT TO EXPRESS SUBJECT IN TITLE AS REQUIRED.

The "Whiteley Act" (Stats. 1923, p. 43), entitled "An act to make the provisions of the National Prohibition Act of the United States of America the law of the State of Nevada," etc., does not express the subject in its title as required by Const. art. 4, sec. 17, because it does not appear therefrom what the provisions are, and leaves it to be ascertained by looking to the act itself.

2. STATUTES—"SUBJECT" DEFINED AS RESPECTS REQUIREMENT OF ITS EXPRESSION IN TITLE.

As respects the requirement as to expressing the subject in the title, the "subject" of a statute is the matter of public or private concern in respect to which its provisions are enacted, or the matter or thing forming the groundwork of the act, or the matter to which it relates and with which it deals.

ORIGINAL PROCEEDING. In the matter of the petition of L. Mantell and another for a writ of habeas corpus. **Petitioners discharged.** (SANDERS, J., dissenting.)

*M. B. Moore,* for Respondents:

The title of Assembly Bill No. 64 is insufficient under section 17 of article 4 of our constitution.

If the legislature cannot revise or amend a law merely by reference to its title, it cannot adopt law of different sovereignty simply by referring to its title.

There is no such act in law as the "Volstead Act," and eighteenth amendment is no part of national prohibition act.

What provisions of national act are adopted? Under what procedure would violations be prosecuted? How are officers to be guided, and how are people to be protected against unlawful search?

Section 3 of Nevada act is obviously unconstitutional. The regulations of the commissioners, as promulgated, become part of national act. These regulations are being issued from time to time. Does the Nevada act adopt those not yet conceived? To say we adopt law of another sovereignty which is not yet thought of, is ridiculous.

Of recent cases, Ex Parte Burke, 212 Pac. 193, cannot be held as decision supporting Nevada act, and shows lack of real search and reason, while case of In Re Opinion of Justices (Mass.), 133 N. E. 453, appears to expressly state the law, and should be adopted.

Were provisions of section 18, article 4, of our constitution complied with on passage of bill? What knowledge did reading of "Whiteley Act" convey to legislators? Probably not five members were conversant with one-half the provisions of national prohibition act, or knew its penalties.

*Lester D. Summerfield,* District Attorney of Washoe County:

Though having instituted this action under rule that statute is presumed to be constitutional until the courts

declare it invalid, I have believed this act unconstitutional, and so publicly expressed myself while legislature was in session, and cannot now resist application for writ, for following reasons:

The act is unconstitutional because title utterly fails to comply with section 17 of article 4 of our state constitution which provides that " *    *  * the subject shall be briefly expressed in the title." In this act, the subject is not expressed at all. 25 R. C. L. 844; Lewis's Sutherland Stat. Constr. (2d. ed.), sec. 116; Gunter v. Texas Land Co., 17 S. W. 840.

The title must show the subject in itself, without reference to body of act, and from its own contents. 25 R. C. L. 850, 864; State v. Nomland, 57 N. W. 85. A title referring to some extrinsic document for its subject is insufficient. 36 Cyc. 1032; People v. Hills, 35 N. Y. 449. The true and actual subject must be expressed. People v. Briggs, 50 N. Y. 553. Reference to where subject may be found is insufficient. People v. Fleming, 3 Pac. 70; Pennington v. Woolfolk, 79 Ky. 13.

The constitutional provision is mandatory that subject be expressed in title. If it is not, the inquiry is ended and the act must fall. Anything else would be nullification, not construction. Where no subject is expressed, there is nothing to construe. State v. Commissioners, 22 Nev. 399. The national act which is sought to be adopted did express its subject. Fed. Stats. Ann. (2d ed.) Suppl. 1919, 202, viz: "An act to prohibit intoxicating beverages," etc.

The California supreme court, in Ex Parte Burke, 212 Pac. 193, stands alone in approving adoption of statute passed by independent legislative body by reference only. Not one authority cited in that opinion in fact sustains it.

*M. A. Diskin*, Attorney-General; *L. D. Summerfield*, District Attorney of Washoe County, and *Frank H. Norcross, Amici Curiæ:*

*Query*—Is proposition that title does not express subject answered by argument that every one is presumed to know the law?

This does not meet constitutional objection.

The constitution requires that subject be expressed. It is plain that it is not expressed when it is only implied or presumed. Nor does such presumption prevail against clear constitutional provision, to which all other laws must yield. 12 C. J. 699.

Nor is there any inference that the law, as matter of fact, is known. The presumption merely expresses rule that ignorance of law is not excuse for its violation. 22 C. J. 149, 151.

The subject is not expressed in title. The constitution requires that it should be.

*Query*—When a constitution provides that an act shall be read section by section, and the act adopting law of another legislative body is so read, is this not sufficient compliance, irrespective of other constitutional provisions?

This is not correct.

The various parts of a constitution should be construed together. 12 C. J. 707. The real purpose must prevail over literal meaning. 12 C. J. 702.

By the Court, COLEMAN, J.:

1. This is an original proceeding in habeas corpus whereby the petitioners seek to be discharged from custody pursuant to a warrant of arrest issued upon a complaint charging them with a violation of the Whiteley act (Stats. 1923, p. 43). Several grounds are urged in support of the contention that the act mentioned is unconstitutional and void. In view of the conclusion which we have reached, though it would be interesting and instructive to pursue the other course, we will consider but one of the grounds urged, since a determination of that must result in the discharge of the petitioners, namely, Is the title of the act violative of section 17, article 4, of the Constitution of Nevada? The title of the act reads as follows:

"An act to make the provisions of the National Prohibition Act of the United States of America the law of the State of Nevada; and to repeal an act entitled 'An

act to prohibit the manufacture, sale, keeping for sale, and gift, of malt, vinous and spirituous liquors, and other intoxicating drinks, mixtures or preparations, making the superintendent of the Nevada state police ex officio commissioner of prohibition, and defining his duties; and providing for the enforcement of this act, and prescribing penalties for the violation thereof,' enacted pursuant to direct vote of the people, general election, November 5, 1918; and to repeal all acts in conflict herewith; and other matters connected therewith."

Section 17 of article 4 of the constitution, so far as pertinent, provides:

"Each law enacted by the legislature shall embrace but one subject, * * * which subject shall be briefly expressed in the title. * * *"

The specific question to be determined is: Does the title of the act express the subject thereof? The only attempt, if any at all was made, to express the subject of the act in the title, was by the words:

"An act to make the provisions of the National Prohibition Act of the United States of America the law of the State of Nevada."

To intelligently dispose of the point urged upon us we should first determine what the purpose of the provision of the constitution in question is. This was done by us in Ex Parte Cerfoglio, 44 Nev. 343, 195 Pac. 96, at some length, and we will content ourselves here in saying, briefly, that the purpose of the act, so far as it applies to the situation in hand, is to require the title of an act to set forth the subject sought to be legislated upon in such a manner as to fairly give notice of the actual enactment without imposing upon the members of the legislature and the public the burden of looking elsewhere to ascertain just what is the subject sought to be legislated upon. With this brief statement in mind, and alive to the well-recognized rule that constitutional provisions should be liberally construed, let us inquire if the provision in question was violated in the act mentioned.

2. This naturally brings us to an inquiry as to what is meant by the term "subject" of the act, as used in the constitution. We do not think there is any misunderstanding on that point. Lewis's Sutherland, Stat. Constr. (2d ed.), sec. 116, says:

"The subject of a statute is the matter of public or private concern in respect to which its provisions are enacted."

In 25 R. C. L., p. 844, it is stated:

"The 'subject' of an act is the matter or thing forming the groundwork of the act."

"The 'object' of an act is the aim or purpose of the enactment, while the 'subject' is the matter to which it relates and with which it deals." McNeeley v. Oil Co., 52 W. Va. 616, 44 S. E. 508, 62 L. R. A. 562.

These quotations clearly and concisely state the rule as recognized by all authorities.

Reverting to the title of the act in question, if such it can be called, does it anywhere even suggest the subject sought to be legislated upon? From a perusal of the title of the federal statute it will be seen that the subject of that act was therein referred to, but the title of the Whiteley act merely refers to or designates the "provisions of the National Prohibition Act" as a law which is sought to be enacted into a state statute.

Is there anything in the title in question to enable the people or the legislators to grasp the purpose and scope of the bill without reference to any other document? We think not. The so-called title merely declares that it is an act to make the "provisions" of an act of Congress the law of the State of Nevada. It is true that it undertakes to designate the act of Congress, the provisions of which it purports to incorporate into a law. Nowhere in the title of the statute does it appear what the provisions of the act of Congress are. To ascertain what they are, one must look to the act of Congress itself. That this will not suffice we do not think any one could be so bold as to contend.

The national prohibition act cannot be the "subject" of legislation in the sense in which that term is used

in the constitution. The act mentioned is itself legislation upon a subject. By what manner of legerdemain can an act of Congress which legislates upon a recognized subject itself become a subject of legislation? If the "National Prohibition Act" (41 Stat. 305) can be a subject of legislation, why might not our legislature pass an act entitled "An act providing for the enactment into law of House Bill No. 5000, as passed by the Congress of the United States"? The mere fact that it is designated House Bill No. 5000 matters not if the act is or can be the subject of legislation. Surely no one would say that a statute with such a title could become a law in the face of the constitutional inhibition invoked in this case. Yet, what is the difference between the so-called statute before us and the supposed one? In either case all that the title does is to point out where the subject-matter sought to be legislated upon may be ascertained. This does not measure up to the requirement of the constitution. Such a title is no nearer a compliance with the requirement of the constitution than a title reading, "An act to amend chapter three hundred and eighty-nine of the laws of eighteen hundred and fifty-one," concerning which the Court of Appeals of New York, in People v. Hills, 35 N. Y. 449, said:

"No human ingenuity would ever discover that subject [the one covered in the body of the act]. * * * The true and actual subject or object must be thus expressed, or the evil and mischief which the framers of the constitution sought to avert and prevent will not have been effectually guarded against."

Equally appropriate are the words of the Supreme Court of Texas in Gunter v. Texas Land Co., 82 Tex. 496, 17 S. W. 840:

"The mischiefs intended to be avoided by section 35 of article 3 of the constitution have been so often stated that it is not now necessary to restate them, and it must be deemed settled that such a law is mandatory, and hence binding upon every department of the government. While this is so, such provisions have been liberally construed, and it has been steadily held that a title

which in substance is a compliance with the requirement of the constitution is sufficient; but can it be claimed that the title in question is sufficient even under this liberal rule? The constitution declares that the 'subject shall be expressed in the title,' and it cannot be said that this has been done where the title does no more than to furnish a reference to some other writing, document, or law from which by search the true purpose of a title may be ascertained."

In Pennington v. Woolfolk, 79 Ky. 13, the court had under consideration the sufficiency of a title to a statute reading:

"An act to amend article three of chapter five of the General Statutes." Laws 1873–74, c. 524.

The court, in holding the act unconstitutional because the subject was not expressed in the title, said:

"The title of the act under consideration can only be regarded as sufficient, even for the purpose of an amendment germane to the article mentioned in the title, by supposing the members were so well acquainted with the several chapters, and the subject of each, that they could, from the simple mention of the number of the article and chapter, know the subject of that particular article."

In accord with the authorities mentioned are the following: State v. Nomland, 3 N. D. 427, 57 N. W. 85, 44 Am. St. Rep. 572; Lewis's Sutherland, Stat. Constr. (2d ed.), sec. 132; 36 Cyc. 1032; 25 R. C. L. 850.

We are clearly of the opinion that the title of the statute in question fails to express a subject, and is therefore fatally defective.

It is ordered that the petitioners be discharged from custody by the sheriff.

We desire to express our gratitude to counsel appearing amici curiæ for their generous assistance in this matter.

DUCKER, C. J.: I concur.

SANDERS, J., dissenting:

I dissent.

The petitioners were charged, upon information, with

the crime of having in their possession intoxicating liquor, containing one-half of 1 per cent or more of alcohol by volume, fit for use for beverage purposes.

The petitioners seek their discharge from custody upon the ground that the information does not state a public offense. But a single question is presented by this contention for our determination, and that is the constitutionality of an act of the last legislature (Stats. 1923, p. 43), entitled as set out in the opinion of Justice COLEMAN, to which reference is made.

An impression widely prevails, supported by an official opinion of the attorney-general, which opinion is concurred in by the district attorney of Washoe County, that the act is unconstitutional. The act purports to introduce into the law and make operative as a part of it the existing penal provisions of the "Volstead Act," enacted by Congress to carry into effect and to enforce the provisions of the Eighteenth Amendment to the Constitution of the United States, and to make operative as a part of the statute all future amendments and repeals made by the Congress of the "Volstead Act," or any future law enacted by the Congress to enforce the eighteenth amendment. The question of immediate concern to petitioners is, not whether it is competent for the legislature to inject bodily into the statute all future laws to be enacted by the Congress for the enforcement of the eighteenth amendment, but whether the law is invalid in so far as it attempts to make the existing penal provisions of the "Volstead Act" the law of this state by mere reference. The legislation is certainly a novel experiment in statutory lawmaking, but a precedent is to be found for it in the "Wright Act," so-called, of California (Stats. 1921, p. 79), upheld by the supreme court of that state as being constitutional. Ex Parte Burke, 212 Pac. 193. It might be argued with great propriety that, since the law is patterned on the "Wright Act" of California, we should adopt the construction made by the court of the state by whose legislature the statute was enacted, but because of the conclusion reached by my associates, that the act is unconstitutional and void because of its defective title,

a point not discussed in the opinion of the court in Ex
Parte Burke, I am precluded from discussing whether
the opinion of the California court should be followed
and applied in this case.

Addressing myself solely to the question of the
sufficiency of the title to the act, it is my opinion that
my associates are in error in making the declaration
that the purpose of section 17, article 4, of our consti-
tution was to give notice of the actual enactment with-
out imposing upon members of the legislature and the
public the burden of looking elsewhere to ascertain just
what is the subject sought to be legislated upon. I
decline to extend the purpose of our constitutional pro-
vision beyond what has been decided in numerous cases
in this court, that the design of its provision that each
law enacted by the legislature shall embrace but one
subject and matter properly connected therewith was
to prevent improper combinations to secure the passage
of laws having no necessary or proper relation, and
which, as independent measures, could not be carried;
and that the object of the other requirement, that the
subject of the act shall be briefly expressed in the title,
was that neither the members of the legislature nor the
public should be misled or deceived by the title. When
a law has but one general object, which is fairly indi-
cated by its title, the general purpose of section 17 of
article 4 of the constitution is accomplished. Klein v.
Kinkead, 16 Nev. 194.

The legislature as a lawmaking body has the right
to choose the title to any act passed by it. The form or
status of the title of an act at its introduction, or during
any of the preceding stages of legislation before it
becomes a law, is immaterial. Attorney-General v.
Rice, 64 Mich. 385, 31 N. W. 203. If the subject is
expressed in the title, the mode of its statement and the
degree of particularity with which it is expressed rest
in the discretion of the legislature. It is the completed
title, and not what precedes it, which concerns courts.
Courts are not authorized to exercise a scholastic super-
vision or censorship over the various ways by which

members of the legislature are informed or apprised of the subject of their enactments. Nothing that this court has ever decided, nor, indeed, so far as I have examined, any other court, justifies the position that the purpose of section 17, article 4, of the constitution is to give notice of the actual enactment without imposing upon the members of the legislature and the public the burden of looking elsewhere to ascertain just what is the subject sought to be legislated upon.

A number of authorities are cited, and closely followed by Justice Coleman in the opinion, which hold that a title that merely makes reference to the number of the article and chapter of a law sought to be adopted is objectionable to the constitutional provision in question, in that the title does not specify or make descriptive reference to the subject of the law. I concede that the division of statutes into titles and chapters is chiefly a matter of convenience, and reference to the title or chapter is simply a ready method of identifying the particular provisions which are meant. Ozawa v. United States, 43 Sup. Ct. 65, 67 L. Ed. 11. But the language of the title to the act here under review is different. The title makes no reference to the number of the article and chapter of any law, but does make reference to two laws which relate to the same subject-matter. It refers to one by the name given it by the act of its creation, and the other is referred to by its title. One is a federal law, to wit, the national prohibition act, and the other is a local law, to wit, the Nevada prohibition act. The title purports to make the provisions of the national prohibition act the law of Nevada, and obliterates and repeals the local law, whose title announces its subject to be to prohibit the manufacture, sale, use, and gift of intoxicating liquors. The title is so phrased as to show that the act was evidently intended to make the provisions of the national prohibition act take the place of and be substituted for the Nevada prohibition act on the subject of intoxicating liquors, because that act is expressly repealed. It is true the title does not make specific mention of the subject of the national

prohibition act, but the adoption of its provisions as the law of Nevada and the repeal of the state law to prohibit intoxicating liquors, shown to have been enacted by the direct vote of the people, fairly and reasonably gave notice to legislators and the people of the subject or object of the law.

Furthermore, speaking argumentatively, since the adoption of the Eighteenth Amendment to the Constitution of the United States, the name, to wit, the national prohibition act, has acquired a judicial and common significance. It has been the subject of more judicial and forensic discussion than any legislation of modern times. While I do not say that because of its notoriety the members of the legislature and the public are supposed to be apprised of its subject, I do insist that it operates in this state by its own vigor, and all individuals within the sphere of its operation are subject to its constraining and restraining effect. In this connection I quote with approval what is said by Mr. Sutherland in his work on Statutory Construction, sec. 22, where the author states:

"Both the federal and state laws belong to one system, and, though emanating from different legislative bodies, they are not hostile nor foreign to each other. In each state, the laws of Congress applicable thereto operate of their own vigor. All persons must take notice of them, and are presumed to know them; all branches of the state government take notice of them; they are within the judicial knowledge of the state courts."

It is obvious from the selection of the title to the act that the legislature recognized the full meaning, force, and effect of the national prohibition act. Whether it is competent for the legislature to adopt the penal provisions of a federal law by mere reference to its title is a question upon which I pass no opinion. The title in question which makes the provisions of the national prohibition act the law of this state, followed by the repeal of the local law relative to the same subject, fairly and reasonably conveys to the mind the subject of the legislation with such force as to put legislators

and the people upon inquiry. The argument that the title expressed no subject whatever is without merit.

I am impressed by the argument advanced by counsel amici curiæ, that, where the intention of the legislature is plain, an act should not be invalidated by a technical interpretation of the title. It is the consensus of opinion of all the courts that, in a case not within the mischief intended to be remedied by the provisions of the constitution in question, sound policy and legislative convenience dictate a liberal construction of the title of enactments to maintain their validity. State v. Ah Sam, 15 Nev. 27, 37 Am. Rep. 454. The act has but one general object, which is so fairly and reasonably expressed in the title that to nullify the law for the reasons urged against its title would result in the creation of greater mischief than the constitutional clause was designed to prevent.

I do not understand the learned attorney-general to be of the opinion that the title of the law is defective, in that it does not inform the members of the legislature or the public of the subject or object of the enactment. But it is insisted by the attorney-general and counsel for petitioners that the title is not sufficiently broad to cover the provisions contained in the act which confer jurisdiction upon the courts of this state in cases of violation of the Volstead act, and impose upon district attorneys, sheriffs, magistrates, grand juries, and all peace officers the duty to enforce the penal provisions of the Volstead act.

The constitutional requirement is not directed against the generality and comprehensiveness of title; all its purposes are satisfied when the law has but one general object or subject which is fairly indicated in its title. The mere generality of the title is not an objection. 25 Ruling Case Law, par. 99, p. 853.

"That the framers of the act would include in the body of it the necessary means to enforce it was to be expected. That it is unnecessary and often not conducive to proper legislation to include such means in the title is well-established constitutional law which

presumes that no one will be misled by such omissions."
Ex Parte Cerfoglio, 44 Nev. 348, 195 Pac. 96.

The other points urged by the attorney for petitioners against the title to the act might with a greater show of reason be directed to the objection that the law is invalid in so far as it adopts the existing provisions of the national prohibition act as the law of this state. The same may be said of the argument contained in the opinion of my associates, that the national prohibition act cannot be made the subject of legislation in the same sense in which that term is used in the constitution, as the act mentioned is itself legislation upon a subject. There is no doubt that it is, and whether it is competent for the legislature to make its provisions the law of this state by reference to its title goes to the validity of the enactment and not to its title.

The word "subject" is used in the constitutional provision in its ordinary sense. A subject is that of which anything can be affirmed or predicated. The predicate of the national prohibition act is the prohibition of intoxicating liquors for beverage purposes, as pronounced by the eighteenth amendment. The predicate of the state law is the prohibition of intoxicating liquors, as pronounced by direct vote of the people of the state. If it is not competent for the legislature to adopt the provisions of a completed act of Congress, whose predicate is the prohibition of intoxicating beverages, by reference to its title and to repeal the state law, the fault rests with the act itself and not with its title. To adopt the critical, if not arbitrary, views urged in this proceeding against the title to the act would tend to embarrass what may be legitimate legislation, and be the means of creating more mischief than the constitutional clause was designed to prevent.