IN THE MATTER OF THE APPLICATION OF F. R. MEDEIROS FOR A WRIT OF HABEAS CORPUS

No. 3176

January 25, 1937.                    64 P. (2d) 346.

*Sidney W. Robinson,* for Petitioner:

*Ernest S. Brown,* District Attorney, and *Nash P. Morgan,* Deputy District Attorney, for Respondent:

# OPINION

By the Court, DUCKER, J.:

This is an original proceeding in habeas corpus.

Petitioner, imprisoned by virtue of an information filed in the Second judicial district court charging him

with the unlawful possession of narcotic drugs, seeks his release from custody, alleging as ground therefor that the law making such possession a crime is unconstitutional. He contends that it violates section 17, article 4 of the state constitution, which reads: "Each law enacted by the legislature shall embrace but one subject, and matters properly connected therewith, which subject shall be briefly expressed in the title; and no law shall be revised or amended by reference to its title only; but, in such case, the act as revised, or section as amended, shall be reenacted and published at length."

The title of the statute challenged reads: "An Act defining and relating to narcotic drugs, and to make uniform the law with reference thereto." Approved March 10, 1933. Stats. 1933, chap. 51, p. 46.

The specific contention is that this title does not set forth the subject sought to be legislated upon in such a manner as to fairly give notice of the actual enactment.

■■ The legislature of 1935 undertook to amend the title, and also to make a violation of any provision of the act a felony, but respondent concedes that if the title is fatally defective the act could not be made valid by amendment. We are in accord with this view, which is sustained by the great weight of authority. If a law so conflicts with the constitution as to be entirely void, there is nothing to amend. The said acts in this case are void.

It is found on reference to the body of the former act that the subject of the legislation is the use of narcotic drugs. One of the means of regulation is prohibiting the unlawful possession thereof by penalizing such possession. The title does not express the above subject. It declares the act relates to narcotic drugs, and defines them. It does not express in what manner it relates thereto or allude to that subject. There is nothing in the title to indicate that regulatory legislation is intended. That the legislature of 1935 deemed

it defective may be inferred from the effort made to validate it by amendment. Stats. 1935, chap. 179, p.384.

■ The case before us and the case of State v. Payne, 53 Nev. 193, 295 P. 770, present analogous situations. The title declared invalid there reads: "An Act to provide for the inspection of hides, providing compensation therefor, and other matters relating thereto." Stats. 1929, c. 76. The subject of the act was the sale of the meat of neat cattle, and it was sought to regulate such sale by making an unlawful sale a felony. The act was held a violation of said constitutional provision, because the subject was not expressed in the title. Respondent contends that the cases are not analogous, because here the connection between the provisions of the act making it unlawful to possess narcotic drugs, and the title relating to the same, is obvious. This is so, he argues, because it is commonly known that it has been the public policy of the State of Nevada for many years to prohibit the use and possession of narcotic drugs by any person except professional men, such as doctors, druggists, etc., who are limited in their possession of these drugs to professional use. On this account, he contends, the members of the legislature and the public could not have been misled by the title as to the subject matter of the enactment, while this could not be said of the title of the act considered in State v. Payne, supra. This argument might have some force if the constitutional provision involved provided that the title must impart notice of the subject. But such is not the case. It provides that the subject shall be briefly expressed in its title. This is mandatory. State v. Ah Sam, 15 Nev. 27, 28, 37 Am. Rep. 454. No presumption of knowledge will satisfy this command.

■ We have not lost sight of the rule of construction constantly observed by this court, that the provisions of the constitution should be liberally construed. Ex Parte Cerfoglio, 44 Nev. 343, 195 P. 96; Ex Parte Mantell and Raigen, 47 Nev. 95, 216 P. 509, but the doctrine

of liberal construction should not be overworked to the result of the statute becoming the higher law.

The second part of the title, "and to make uniform the law with reference thereto," gives no validity to it. It does not undertake to specify any particular law where the subject may be found, and even if it did, such reference would not satisfy the requirement of the constitution. Ex Parte Mantell and Raigen, supra.

Respondent contends that if the act of 1933 is void because of a defective title, petitioner must not be discharged, for the reason that the information still charges him with a crime under "An Act to regulate the use, supply and possession of narcotic drugs in the State of Nevada, and to provide penalties for the violation thereof." Stats. 1923, c. 33, approved February 23, 1923. Section 2 of this act (being section 5085 N. C. L. 1929), provides: "It shall be unlawful for any person to have in his possession any narcotic drug. Any person violating the provision of this section shall be guilty of a gross misdemeanor, and shall be punished accordingly."

Mere possession of any narcotic drug is not made a felony by the above act, except in the case of one convicted thereof, when, upon his trial or plea of guilty, a prior conviction in any court for a violation of any statute or ordinance dealing with or regulating the use, supply, or possession of any narcotic drug, shall be proved against him. The contention cannot be maintained.

The information, which is set out in the sheriff's return to the writ, charges the petitioner with a felony, in that at a certain time and place he did, "wilfully, unlawfully and feloniously have in his possession narcotic drugs, to wit. * * * " He is not charged as a second offender and thus brought within that provision of the act of 1923. Nor is this a case of one charged with a crime being also charged with any offense necessarily included in the former. In such a case the accused may be convicted of the offense so included on a prosecution of the former. Section 11017 N. C. L. But

these crimes must have the basis of valid statutes. Here, however, there is no such statutory basis for the felony charged. How then could the offense of a gross misdemeanor be involved? How could a valid information be predicated on an invalid statute? That the information is so predicated is shown by the use of the words "felony," "felonious," and "contrary to the statute in such case made and provided."

It is ordered that the petitioner be discharged from said information and from the custody of the sheriff.