----------------------------, A MINOR GIRL UNDER THE AGE OF 18 YEARS OF AGE,[1] APPELLANT, v. CLARK COUNTY JUVENILE COURT SERVICES, RESPONDENT.

No. 6520

November 24, 1971                    490 P.2d 1248

----

[1] It is the practice of this court to omit the minor's proper name.

*Robert G. Legakes,* Public Defender, and *Thomas D. Beatty,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, C. J.:

The minor girl, aged 14 at the time, was a student at Garside Junior High School in Clark County, Nevada.

On September 17, 1970, during the school term and during a break on a morning when classes were held, the defendant encouraged students, for reasons unknown to us, not to return to their classes following the 8:25 a.m. break. The principal of the school was able, by threat of arrest, to cause all students except the subject minor to return to their classes. Defendant, remaining in the school's quad area after receiving the order to return to class, was placed under arrest for loitering by the principal. Approximately 15 minutes elapsed during the episode, five during the break and ten during the class hour.

The minor was adjudged a delinquent under NRS 201.090, on October 21, 1970, by H. Leon Simon, Referee in Juvenile Department of the Eighth Judicial District.

On a Motion for Rehearing, relief was denied, November 13, 1970, by John F. Mendoza, District Judge. A Formal Probation Order was filed December 3, 1970.

The appellant here challenges the constitutionality of a loitering statute. We do not reach this issue because the Petition to the Juvenile Court was fatally defective for lack of specificity. We hold that the Petition does not adequately apprise the minor of the charges against her, that it would be improper for this court to affirm as the statute alleged to have been violated is unknown to this court, and that the school-connected loitering statutes are inapplicable in this fact situation. Consequently, we reverse and vacate all delinquency proceedings below.

1. The instant Petition stated "[t]he facts which bring the child within the purview of this chapter" (NRS 62.130(3)(a)) as:

"That the subject minor, ........................, is a minor whose behavior is injurious to her health and welfare; in that, on September 17, 1970, at and within the County of Clark, State of Nevada, the subject minor did then and there wilfully and unlawfully loiter at or near Garside Junior High School, 400 South Torrey Pines Drive, Las Vegas, Clark County, Nevada, without legitimate reason to be at leisure in such place."

The United States Supreme Court in In re Gault, 387 U.S. 1 (1967), a case reviewing state juvenile court proceedings, held that, at 33–34,

"Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must 'set forth the alleged misconduct with particularity.'

". . .

"The 'initial hearing' in the present case was a hearing on the merits. Notice at that time is not timely; and even if there were a conceivable purpose served by the deferral proposed by the court below, it would have to yield to the requirements that the child and his parents or guardian be notified, in writing, of the *specific* charge or factual allegations to be considered at the hearing, and that such written notice be given at the earliest practicable time, and in any event sufficiently in advance of the hearing to permit preparation. Due process of law requires notice of the sort we have described—that is, notice which would be deemed constitutionally adequate in a civil or criminal proceeding. It does not allow a hearing to be held in which a youth's freedom and his parents' right to his custody are at stake without giving them timely notice, in advance of the hearing, of the *specific* issues that they must meet. Nor, in the circumstances of this case, can it reasonably be said that the requirement of notice was waived." [Footnotes omitted, our emphasis.]

The fault of the instant Petition lies in the inadequacy of the required notice of specific charges. This fault is particularly significant in this case as there are two school-connected loitering statutes, NRS 207.270[2] and 393.070.[3] The Petition does not state facts which bring the violation within either statute. In re Walsh, 300 N.Y.S.2d 859 (1969).

---

[2]207.270 *Loitering about schools, public places where children congregate unlawful; penalty.* Any person who, without legitimate reason to supervise any of such children or other legitimate reason to be at leisure in such place, loiters about any school or public place at or near which children attend or normally congregate is guilty of a misdemeanor.

[3]393.070 *Damage to school property; loitering; disturbances; penalty.*

1. It is unlawful for any person:

(a) Willfully and maliciously to injure, mark or deface any public schoolhouse, its fixtures, books or appurtenances; or

(b) To commit any nuisance in any public schoolhouse; or

(c) To loiter on or near the school grounds; or

(d) Purposely and maliciously to commit any trespass upon the

In Cole v. Arkansas, 333 U.S. 196 (1948), a case in which the state supreme court affirmed a conviction on the ground that the information charged and the evidence showed that petitioner had violated a statute other than the one under which he was tried, the court in reversing said, at 201:

"No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issue raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal."

This holding was cited with approval in *Gault*, at 33, footnote 53.

2. It is our further opinion that neither of the school-oriented loitering statutes is applicable to the fact situation presented by this appeal. The issue is whether the Legislature intended the above statutes to be applied in the instant case.

NRS 207.270 was enacted in 1963 (1963 Stats. of Nevada, Vol. 1 at 41, amended 1967 Stats. of Nevada, Vol. 1 at 523) under the Act entitled "AN ACT to amend chapter 207 of NRS, relating to miscellaneous crimes, by adding new sections making it a crime to molest any child under 18 years of age or to loiter about any public place frequented by children; providing penalties; and providing other matters properly relating thereto."

NRS 393.070 was enacted in 1956 (1956 Stats. of Nevada 173 § 415), Article 46, under which § 415 appears is entitled, "Care, Management and Control of School Property."

In determining what the Legislature intended, the title of the statute may be considered in construing the statute. Torreyson v. Board of Examiners, 7 Nev. 19 (1871). Further, if the title of an act is restricted to certain purposes, the purview or body of the act must also be restricted to that subject expressed in the title. State v. Payne, 53 Nev. 193, 295 P. 770 (1931). Finally, it is clear that legislative intent governs the construction of a statute or ordinance and such intent must be gathered from considerations of the entire statute or ordinance, and not from consideration of only one section thereof. Carson City v. Red Arrow Garage, 47 Nev. 473, 225 P. 487 (1924).

grounds attached to a public schoolhouse, or any fixtures placed thereon, or any enclosure or sidewalk about the same.

2. Any person violating any of the provisions of this section shall be guilty of a public offense, as prescribed in NRS 193.155, proportionate to the value of the property damaged or destroyed and in no event less than a misdemeanor.

The first loitering statute, NRS 207.270, by its legislative history, was designed to protect school children and young people from local and itinerate sex perverts who may loiter near schools and public places awaiting the opportunity to commit their crime. To apply this statute in support of a delinquency finding (NRS 201.090(14)) under the facts appearing in this appeal would be an error of egregious proportions.

We also find that the second loitering statute, NRS 393.070, falling under the "Care, Management and Control of School Property" section is not the proper statute to support a charge of delinquency (NRS 201.090(14)) when the act complained of consisted solely of a student not returning to class for ten minutes when ordered to do so by the school principal.

We therefore conclude that the Petition was defective for failing to specifically apprise the minor of the charge against her. This is so because the first reference to any loitering statute appears in the defendant's motion before the Juvenile Referee. Nowhere appears a charge specifically referring to the statute violated, if any. The two school-connected loitering statutes, NRS 207.270 and 393.070, are entirely misapplied to juvenile delinquency proceedings wherein a school student fails to return to class for a period of ten minutes on order of the school principal.

All proceedings appealed from reversed and vacated.

BATJER, MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.